RICHARD A. MARSHACK, #107291
rmarshack@marshackhays.com
CHARLES LIU, #190513
cliu@marshackhays.com
**MARSHACK HAYS LLP**
870 Roosevelt Avenue
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Proposed Attorneys for Debtor and
Debtor-In-Possession,
CAPISTRANO TERRACE, LTD.,
A California Limited Partnership

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>CAPISTRANO TERRACE, LTD, a California limited partnership,<br><br>Debtor. | Case No. 8:11-bk-19767-MW<br><br>Chapter 11<br><br>APPLICATION BY DEBTOR AND DEBTOR-IN-POSSESSION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL AND TO PAY POST-PETITION RETAINERS; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT THEREOF<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 2014-1] |

TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, THE

OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

      The debtor and Debtor-in-Possession, Capistrano Terrace, Ltd., a California limited

partnership (the "Debtor" or "Applicant"), respectfully files this Application for entry of an Order

authorizing the employment of Marshack Hays LLP (the "Firm") as the Debtor's general insolvency

counsel in this case (the "Application").

      In support of this Application, the Debtor respectfully represents as follows:

1.    <u>COMMENCEMENT OF THE BANKRUPTCY CASE</u>

      The Debtor is the owner of the real property commonly known as Capistrano Terrace

Mobile Home Park, 32802 Valle Road, San Juan Capistrano, CA 92675 (the "Property"). On

July 12, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief with this Court

1

under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").  The Debtor is continuing in possession of its property, and operating and managing its business, as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

The Debtor's financial difficulties were primarily caused by the entry of judgment in a Lawsuit that arose out of claims made with respect to the Debtor's mobile home park located in the city of San Juan Capistrano.

The 127 plaintiffs in the Lawsuit (the "Plaintiffs") are current and former tenants who own mobile homes at the Property and homeowners who reside (or resided in the past) in the Property.  Plaintiffs filed their Complaint on October 31, 2007, alleging that the debtor failed to maintain the Property and its infrastructure and failed to remedy serious health and safety code violations regarding, among other things, the sewer, water, electrical systems and the common areas in the Property.  The Debtor appeared in the action by way of an answer and denied the allegations in their entirety and denied any liability.

After several years of discovery, the claims of a few of the Plaintiffs were resolved before trial by way of a settlement pursuant to Code of Civil Procedure, section 998 for a total outlay of less than $200,000.  The claims of the remaining 127 plaintiffs proceeded to trial which began on November 1, 2010.

At trial, a jury of twelve (12) persons, and four (4) alternate jurors, was impaneled and sworn.  Witnesses on the part of both Plaintiffs and defendant/Debtor were sworn and examined and evidence was introduced.  However, during the trial, the Court severed the cases of seventeen (17) Plaintiffs from the case of the remaining Plaintiffs.  The cases of these 17 Plaintiffs proceeded to verdict.

After deliberating, the jury rendered a verdict in favor of the 17 Plaintiffs and against the Debtor on causes of action for nuisance (Mobilehome Residency Law), breach of contract, covenant of good faith and fair dealing, and negligence.  The jury awarded individual sums to each Plaintiff.  The total amount awarded by the jury was $1,141,584, which included an award of punitive damages in the amount of $250,000.

/ / /

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL

55737v1/1183-001

1    Post-trial, the Debtor filed a motion for mistrial, motion for judgment notwithstanding

2   the verdict and motion for new trial.  Each of these motions were denied.  The Debtor, meanwhile,

3   also filed an appeal of the judgment and rulings on the post-trial motions which is now pending

4   before the court of appeal.

5    The Debtor requires insolvency counsel to represent it in connection with this Chapter

6   11 case.  The Debtor seeks to employ the Firm as its general insolvency counsel, effective as of

7   July 12, 2011, in accordance with the terms of that certain legal services retainer agreement

8   ("Retainer Agreement"), a true and complete copy of which is attached as Exhibit "1" to the

9   Declaration of Richard A. Marshack, filed in support of this Application (the "Declaration").

10    For the reasons set forth herein, the Debtor requests that the Court enter an Order

11   granting this Application.

12   2.    SERVICES TO BE PERFORMED

13    In this case, the Debtor requires the assistance of counsel to serve as its general

14   insolvency counsel at the expense of the Estate.  The Firm will render services to the Debtor at the

15   Firm's regular hourly rates, which may be adjusted from time to time, to render the following

16   services:

17    To advise and assist the Debtor with respect to compliance with the requirements of

18   the Office of the United States Trustee ("U.S. Trustee");

19    To conduct examinations of the Debtor, witnesses, claimants, or adverse parties and

20   to prepare and assist in the preparation of reports, accounts, applications, motions, complaints and

21   orders;

22    To advise the Debtor regarding matters of bankruptcy law, including the rights and

23   remedies of the Debtor in regard to its assets and to the claims of its creditors;

24    To represent the Debtor in any proceedings or hearings in this Court and any

25   proceedings in any other court where the Debtor's rights under the Bankruptcy Code may be

26   litigated or affected;

27   / / /

28   / / /

3

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL

55737v1/1183-001

1    To conduct examinations of witnesses, claimants, or adverse parties and to prepare,

2  and to assist the Debtor in the preparation of, reports, accounts, and pleadings related to the Debtor's

3  case;

4    To advise the Debtor concerning the requirements of the Bankruptcy Court, the

5  Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules;

6    To file any motions, applications or other pleadings appropriate to effectuate the

7  reorganization of the Debtor;

8    To review claims filed in the Debtor's case, and, if appropriate, to prepare and file

9  objections to disputed claims;

10    To represent the Debtor in litigation affecting the Debtor, as may be requested by the

11  Debtor;

12    To assist the Debtor in the negotiation, formulation, confirmation, and

13  implementation of a Chapter 11 plan of reorganization; and

14    To take such other action and perform such other services as the Debtor may require

15  of the Firm in connection with its Chapter 11 case.

16  3.    QUALIFICATIONS OF THE FIRM

17    The Firm is well-qualified to render the foregoing services.  The Firm is comprised of

18  attorneys who have extensive experience in insolvency, bankruptcy and reorganization as well as

19  litigation matters of the type that may need to be pursued herein.  The Firm is experienced in

20  debtor/creditor matters, including the representation of debtors in bankruptcy cases.  The partners of

21  the Firm have practiced in the Bankruptcy Court collectively for more than 48 years, and the Firm

22  has handled virtually a wide variety of matters that can arise in the context of a bankruptcy case and

23  is well able to perform the legal services required in this case.

24    All attorneys comprising or associated with the Firm who will appear in this case are

25  duly admitted to practice law in the courts of the State of California and in the United States District

26  Court for the Central District of California.  A biography of each professional of the Firm and a list

27  of the current hourly billing rates is attached as Exhibit "2" to the Declaration of Richard A.

28  Marshack.

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL

55737v1/1183-001

1    The Firm and each of the members, associates, and paralegals who will work on this

2    case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the

3    Local Bankruptcy Rules.

4    4.    THE FIRM IS DISINTERESTED

5    Except as disclosed herein and to the best of the Firm's knowledge, neither the Firm,

6    nor any of the attorneys comprising or employed by it, has any connection with the Debtor or the

7    Debtor's attorneys or accountants, the Debtor's creditors, or any other outside party in interest, or

8    their respective attorneys or accountants.  Richard Marshack and/or Judith Marshack are trustees of

9    trusts that have minority investments in six limited partnerships where the property manager is

10   Advance Real Estate Services, Inc. ("ARES").  The interests range from 4/10ths of 1% to 2.9%.

11   ARES is related to the manager of the Debtor's mobilehome park.  Furthermore, Richard Marshack

12   is an acquaintance/friend of Richard Julian.  Richard Julian is the former shareholder of the current

13   General Partner of Debtor.  Richard Julian is no longer the shareholder or the General Partner of the

14   Debtor and Mr. Julian has no equity interest in the Debtor or the general partner of the Debtor.

15   Based on the foregoing, the Firm is a "disinterested person" within the meaning of

16   Bankruptcy Code Section 101(14).  The Firm does not have an interest adverse to the Debtor or the

17   bankruptcy Estate.  As of the Petition Date, the Firm was not a creditor of the Estate and was not

18   owed any funds by the Debtor.

19   To the best of the Firm's knowledge, and as set forth in the attached Declaration of

20   Richard A. Marshack, none of the attorneys comprising or employed by the Firm are related to any

21   judge of the United States Bankruptcy Court for the Central District of California, the United States

22   Trustee, or any person currently employed in the Office of the United States Trustee.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL

55737v1/1183-001

5.    COMPENSATION PROCEDURE

The Firm will render services to the Debtor at the Firm's regular hourly rates, which may be subject to adjustment from time to time, and the Firm understands that any compensation in this case, from funds which are property of the Debtor's estate, is subject to approval of this Court. The Firm's current hourly billing rates are as follows:

| Partners | $475 to $540 |
| Associates | $295 to $375 |
| Paralegals | $150 to $175 |

The Firm intends to apply to this Court, in conformity with 11 U.S.C. §§ 330 and 331, for compensation and reimbursement for fees incurred and costs advanced in the Debtor's case.

The Firm has received a retainer from the Debtor in the amount of $35,000.00 ("Retainer") prior to the filing of the case. After subtracting pre-petition fees and expenses from the Retainer, the amount of $21,063.35 remained in a trust account maintained by the firm as of the petition date. This will balance will be disbursed only pursuant to the provisions of this Application, the Court's order with respect to this Application, 10 day notice procedures and orders on interim and/or final fee applications. ***Pursuant to its fee agreement, the Firm obtained a security interest in the Retainer***. *See also, In re Dick Cepek*, 339 B.R. 730 (9th Cir. BAP 2006) [security retainer authorized if disclosed and approved by court].

In addition, the Debtor's secured creditors Chandler Real Properties, a California limited partnership ("Chandler"), the Sukut Family Trust established July 16, 1993 ("Sukut Family Trust"), and the Myron C. Sukut Trust, UDT Oct. 14, 1986 ("Myron Sukut Trust"), have agreed to subordinate their liens claims, carveout from their collateral, and consent to the surcharge of their collateral to the extent of allowed fees to the Firm.

The Debtor has agreed to fund, on a monthly basis, the fees and costs of the Firm. In connection therewith, and in accordance with the provisions of the Retainer Agreement, the Firm requests that it be authorized to obtain from the Debtor payment of the Firm's accruing fees and costs on a monthly basis.

/ / /

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL

55737v1/1183-001

The Firm will file with the Court a monthly Professional Fee Statement, attaching a copy of the Firm's monthly invoice with respect to fees for professional services rendered to the Debtor, and for reimbursement of expenses incurred on behalf of the Debtor, and serve copies of the invoice on the Debtor, the Office of the United States Trustee, and all creditors and parties in interest entitled to notice pursuant to the Limit Notice Order.  If no written objection is filed with respect to the amount of the Firm's monthly invoice within ten (10) days after the service of such invoice on the various parties-in-interest, the Firm will withdraw from its trust account the fees and costs represented by that monthly invoice and will pay to itself those sums.  If a written objection to the Firm's monthly invoice is filed by a party-in-interest, the Firm will refrain from withdrawing the disputed funds from its trust account until the Court has resolved the objection.

Approximately every four (4) months, the Firm will file an application with the Court seeking allowance of its fees and costs incurred to that date and paid pursuant to such monthly payment procedure.

No portion of the funds to be paid to the Firm pursuant to the monthly payment procedure provided for herein will be deemed to have been allowed by the Court unless and until such time as the Court enters an order expressly allowing such fees and costs in accordance with the requirements of 11 U.S.C. §§ 330 and 331.  The Firm understands that any compensation to be received hereafter by the Firm from funds that are property of the Debtor's estate, is subject to approval by this Court, upon appropriate application and hearing in conformity with 11 U.S.C. §§ 330 and 331.

At the conclusion of this case, the Firm will file an appropriate application seeking final allowance of the Firm's fees and costs, regardless of whether interim compensation has been paid to the Firm.  Upon allowance of such fees and costs, the Debtor will pay to the Firm the difference between the amounts allowed to the Firm and any interim compensation paid to the Firm. The Firm has not shared or agreed to share any compensation to be received by it in this case with any other person, except as among members of the Firm.

/ / /

/ / /

7

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL

1    WHEREFORE, the Debtor requests that it be authorized to pay the Firm the post-

2  petition retainers described above pursuant to 11 U.S.C. Sections 328(a) and 363(b)(1).

3  Additionally, the Debtor requests that it be authorized to employ the Firm as its general counsel

4  pursuant to 11 U.S.C. Section 327 at the Firm's hourly rates with any compensation and

5  reimbursement of costs to be paid by the Estate pursuant to the United States Trustee Fee Guides

6  and/or application to and approval by the Court pursuant to 11 U.S.C. Sections 330 and 331.

7

8  Dated:  August 5, 2011          CAPISTRANO TERRACE, LTD., A California
                                   Limited Partnership,
9                                  By: AG 03-79, Inc.
                                   It's:  General Partner
10

11

12                                 By: _Raymond Poulter_____
                                       RAYMOND POULTER, President
13

14  Dated:  August 5, 2011          MARSHACK HAYS LLP

15

16                                 By: _____
17                                     RICHARD A. MARSHACK
                                       Proposed General Insolvency Counsel for
18                                     Debtor and Debtor-in-Possession
                                       CAPISTRANO TERRACE, LTD.
19

20

21

22

23

24

25

26

27

28

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL

55737v1/1183-001

## MEMORANDUM OF POINTS AND AUTHORITIES

1. THE BANKRUPTCY CODE AUTHORIZES THE DEBTOR TO EMPLOY PROFESSIONALS

Section 327 of the Bankruptcy Code, which governs employment of professional persons, provides, in pertinent part, as follows:

> . . . the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

Except for certain limitations not applicable here, a debtor has all of the rights and powers of, and performs all of the functions and duties of, a trustee in a Chapter 11 case. 11 U.S.C. § 1107(a).

Section 330 of the Bankruptcy Code provides standards for a bankruptcy court to award compensation to a professional employed in a bankruptcy case.

> "(3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

/ / /

9

55737v1/1183-001

(D)  whether the services were performed within a reasonable

amount of time commensurate with the complexity, importance, and

nature of the problem, issue, or task addressed;

(E)  with respect to a professional person, whether the person is

board certified or otherwise has demonstrated skill and experience in

the bankruptcy field; and

(F)  whether the compensation is reasonable based on the

customary compensation charged by comparably skilled practitioners

in cases other than cases under this title."

11 U.S.C. § 330.

Section 328(c) of the Bankruptcy Code provides that, in order for a professional

employed under Section 327 to be compensated in a debtor's case, such professional must be

disinterested and must not hold an interest adverse to the interests of the estate with respect to the

matter on which such professional is employed.  11 U.S.C. § 328(c).

Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules")

mandates that a professional seeking approval of its employment by the bankruptcy estate disclose

"any proposed arrangement for compensation" and "all of the person's connections with the debtor,

creditors, any other party in interest, their respective attorneys and accountants, [and] the United

States trustee."

The disclosure requirements of Section 328(a) of the Bankruptcy Code and Rule 2014

of the Bankruptcy Rules are applicable to those professionals eligible for employment under Section

327(a) of the Bankruptcy Code.  Specifically, Section 327(a) requires that any professional person

employed by the trustee be free of interests that are adverse to the estate, and be "disinterested."

"'disinterested person' means [a] person that -

(A) is not a creditor, an equity security holder, or an insider . . .

* * *

(E) does not have an interest materially adverse to the interest of the

estate or of any class of creditors or equity security holders, by reason

10

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL

1  of any direct or indirect relationship to, connection with, or interest in,

2  the debtor . . . or for any other reason . . ."

3  11 U.S.C. § 101(14).

4  All facts pertinent to a court's determination of whether the professional is

5  disinterested or holds an interest adverse to the estate must be disclosed.  The professional is

6  required to make a full, candid and complete disclosure in its application for employment.  *See, In re*

7  *Lotus Properties LP*, 200 B.R. 388, 391 (Bankr. C.D. Cal. 1996) (citing *In re Park Helena Corp.*, 63

8  F.3d 877, 880-82 (9th Cir. 1995)); *In re Gire*, 107 B.R. 739, 746 (Bankr. E.D. Cal. 1989);

9  Fed.R.Bankr.P. 2014.

10  Prior or even concurrent representation of a creditor does render counsel not

11  disinterested. *In re Dynamark, Ltd.*, 137 B.R. 380 (Bkrtcy.S.D.Cal.1991).  A law firm which debtor-

12  in-possession sought to employ as reorganization counsel was "disinterested," even though it

13  currently represented largest secured creditor in case in unrelated transactions; no actual conflicts

14  had been demonstrated and any potential conflict was too remote to warrant disqualification.

15  A law firm's prior representation of mortgagee bank in preparation of documents for

16  loans to Chapter 11 debtor was not substantially related to subject matter of bankruptcy case, and did

17  not result in confiding of relevant information which might have been confidentially disclosed to

18  debtor, so that law firm was not precluded from representing Chapter 11 debtor in case; debtor

19  explicitly stated that he would not challenge validity of mortgages and mortgagee did not identify

20  any example of any relevant information which might have been confidentially disclosed to debtor.

21  *In re Peck*, 112 B.R. 485 (Bkrtcy.D.Conn.1990).

22  Lastly, reorganization counsel is not rendered disinterested by taking a security

23  retainer (i.e. a security interest in the retainer to secure payment of fees and costs to be incurred

24  during the reorganization process).  *In re Dick Cepek*, 339 B.R. 730 (9th Cir. BAP 2006) [security

25  retainer authorized if disclosed and approved by court].

26  In light of these authorities, it is clear that the Firm is disinterested.  The Firm had no

27  prior relationship with the Debtor.  By the Declaration, the Firm provides full and complete

28  disclosure in order to demonstrate that it satisfies all requirements imposed by the Bankruptcy

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL

1    Code and Bankruptcy Rules for employment in this case.  Notwithstanding the security retainer

2    obtained by the Firm, neither the Firm nor any attorneys who are members of the Firm hold any

3    interest materially adverse to the interests of the Debtor's estate.  Moreover, the Firm satisfies both

4    the disclosure and the "disinterestedness" requirements for employment in this case.  Therefore, this

5    Court may authorize the proposed employment of the Firm as general insolvency counsel to the

6    Debtor pursuant to Bankruptcy Code Section 327(a).

7    2.    THE MONTHLY PAYMENT PROCEDURE PROPOSED BY THE FIRM IS

8        APPROPRIATE AND SHOULD BE APPROVED BY THIS COURT

9        Professionals can be compensated in accordance with monthly payment procedures

10    without a bankruptcy court's prior allowance of the professional's fees and costs.  *In re Knudsen*, 84

11    B.R. 668 (Bankr. 9th Cir. 1988); *In re Lotus Properties LP*, 200 B.R. at 396-98.  In *Knudsen*, the

12    Ninth Circuit Bankruptcy Appellate Panel ("BAP") reasoned that, since Section 328(a) of the

13    Bankruptcy Code allows a bankruptcy court to authorize professionals to receive as compensation a

14    retainer, which contemplates payment of a lump sum at the beginning of a case or periodically

15    thereafter, "[i]t makes little sense that the court could allow payment of a lump sum or periodic

16    retainer before fees are earned, but not after."  *Id.* at 671.

17        The circumstances under which such arrangements may be approved, as articulated

18    by the BAP in *Knudsen*, are as follows: (1) the case is unusually large; (2) an extended waiting

19    period for payment would place an undue hardship on counsel; (3) counsel can respond to any

20    reassessment; and (4) the payment procedure itself is subject to a noticed hearing.  *Id.* at 672-73.

21    The Firm believes that the proposed monthly payment procedure in this case is appropriate under

22    Sections 328(a), 330 and 331 of the Bankruptcy Code, and is consistent with the BAP's decision in

23    the *Knudsen* case.

24    A.    Requiring the Firm To Wait An Extended Period Of Time For Payment Of Its Fees In

25        The Debtor's Case May Cause Undue Hardship To The Firm

26        Without the proposed monthly payment procedure, the Firm would, in effect, be

27    financing the Debtor's Chapter 11 case.  Requiring the Firm to wait four months to receive payment

28    would cause the Firm to suffer undue hardship.

12

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL

1    Given the size and complexity of the case, the Firm anticipates that the Firm will be

2 required to devote significant time to assisting the Debtor to reorganize its affairs.  The Debtor

3 intends to strive diligently to reorganize its financial affairs as expeditiously as possible.  The Firm

4 anticipates that not less than two attorneys of the Firm and two paralegals will be required to devote

5 a significant amount of their billing time to the representation of the Debtor.  As a result, a

6 significant amount of the Firm's resources will be devoted to the Debtor's case.

7 Due to the size of the Firm and the nature of the required commitment of the Firm's resources to the

8 Debtor's case, requiring the Firm to wait for periods of at least 120 days to obtain payment of its fees

9 pursuant to Section 331 of the Bankruptcy Code may place undue hardship on the Firm.  It would be

10 burdensome for the Firm if it were effectively required to "finance" the Debtor's reorganization

11 efforts in this case.

12    B.    The Firm Will Be Able To Respond To Any Reassessment Of Fees Ordered By This

13        Court

14    As set forth in the Declaration, the Firm will be able to respond to any order entered

15 by this Court reassessing fees paid to the Firm pursuant to the requested monthly payment

16 procedure.  The Firm and the partners of the Firm have the ability to respond to any such

17 reassessment of fees paid to the Firm.  The Firm is one of the preeminent bankruptcy law firms in

18 Southern California.  The Firm has never been unable to respond to any court-ordered reassessments

19 of its fees.  The Firm understands that its ultimate compensation in this case is subject to the

20 provisions of Sections 330 and 331 of the Bankruptcy Code, and is prepared to respond to any such

21 reassessment.  In short, the Firm's financial stability attest to the fact that it will be able to respond to

22 any Court-ordered reassessment of fees in this case.

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

13

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL

55737v1/1183-001

C.    The Fee Procedures Will Be The Subject Of Notice to Creditors

As is evidenced by the proof of service submitted concurrently with this Application, notice of the relief requested by this Application has been provided to the U.S. Trustee.

The monthly payment procedure provided for by this Application is very similar to the monthly payment procedure approved by the BAP in the *Knudsen* case and meets the requirements established by the BAP in the *Knudsen* case for authorizing monthly payment procedures.  First, the monthly payment procedure provided for by this Application allows for ample scrutiny of the Firm's fees and costs by creditors and by this Court.  The fees and costs paid to the Firm on a monthly basis are not automatically deemed allowed by this Court.  Instead, the Firm is required to apply for allowance of its fees and costs in accordance with the requirements of the Bankruptcy Code.  The scrutiny of the Firm's fees by creditors and this Court, therefore, remains undiminished by the monthly payment procedure proposed herein.  Second, in the event that any fees and costs paid on a monthly basis to the Firm are not ultimately allowed by this Court, the Firm can and will repay to the Debtor the amount thereof.

By virtue of the foregoing, the Debtor believes that the monthly payment procedure provided for by this Application satisfies the requirements articulated by the *Knudsen* decision.

3.    NOTICE OF THE APPLICATION IS APPROPRIATE, AND NO FURTHER HEARING IN RESPECT OF THE APPLICATION IS REQUIRED, UNLESS SUCH HEARING IS ORDERED BY THIS COURT OR SPECIFICALLY REQUESTED BY A PARTY-IN-INTERESTBY THIS COURT

Notice of the relief requested by this Application has been provided to the U.S. Trustee.  The Office of the United States Trustee has been afforded an opportunity to object to the Application and request a hearing on this Application, should they object to the relief requested hereby.  Consequently, the Firm has complied fully with the Court's Local Rules.

/ / /

/ / /

/ / /

/ / /

14

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL

4.    <u>CONCLUSION</u>

Based upon the foregoing, the Debtor respectfully submits that good cause exists for this Court to authorize the Debtor to employ the Firm as its general insolvency counsel in its Chapter 11 case on the terms and conditions set forth herein including approval of the security retainer described herein.

Dated:  August 5, 2011                    MARSHACK HAYS LLP

By: _____

RICHARD A. MARSHACK
Proposed General Insolvency Counsel for
Debtor and Debtor-in-Possession
CAPISTRANO TERRACE, LTD.

APPLICATION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL

55737v1/1183-001

## DECLARATION OF RICHARD A. MARSHACK

I, RICHARD A. MARSHACK, declare and state as follows:

1.      I am an attorney at law licensed to practice in this state and admitted to practice in this Court.  I am a principal of the law firm Marshack Hays LLP ("Firm") and maintain offices at 870 Roosevelt Avenue, Irvine, California, 92620.

2.      I make this Declaration in support of the Debtor's Application to Employ Marshack Hays LLP her attorneys in this case ("Application").  If called as a witness, I could and would competently testify to the following of my own personal knowledge, information and belief.

3.      The Debtor seeks to employ the Firm as its general insolvency counsel, effective as of July 12, 2011, in accordance with the terms of that certain legal services retainer agreement ("Retainer Agreement"), a true and complete copy of which is attached as Exhibit "1" hereto.

4.      The Firm is well-qualified to render the foregoing services.  The Firm is comprised of attorneys who have extensive experience in insolvency, bankruptcy and corporate reorganization and is well-qualified to represent the Trustee in proceedings of this nature.  The Firm is experienced in debtor/creditor matters, including the representation of trustees in bankruptcy cases.  The members of the Firm have practiced in the Bankruptcy Court for many years, and the Firm has handled virtually every type of matter that can arise in the context of a bankruptcy case and is well able to perform the legal services required in this case.

5.      All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California.  A biography of each professional of the Firm is attached hereto as Exhibit "2."  The Firm and each of the members, associates, and paralegals who will work on this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

/ / /

/ / /

1

DECLARATION OF RICHARD A. MARSHACK

6.    The Firm's current hourly billing rates are as follows:

| Partners | $475 to $540 |
|----------|--------------|
| Associates | $295 to $375 |
| Paralegals | $150 to $175 |

7.    To the best of the Firm's knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, has any connection with the Debtor or the Debtor's attorneys or accountants, the Debtor's creditors, or any other outside party in interest, or their respective attorneys or accountants. Richard Marshack and/or Judith Marshack are trustees of trusts that have minority investments in six limited partnerships where the property manager is Advance Real Estate Services, Inc. ("ARES"). The interests range from 4/10ths of 1 percent to 2.9%. ARES is related to the manager of the Debtor's mobilehome park. Richard Marshack is an acquaintance/friend of Richard Julian. Richard Julian is the former shareholder of the current General Partner of Debtor. Richard Julian is no longer the shareholder or the General Partner of the Debtor and Mr. Julian has no equity interest in the Debtor or the general partner of the Debtor.

8.    Based on the foregoing, the Firm is a "disinterested person" within the meaning of Bankruptcy Code Section 101(14).

9.    The Firm obtained a security interest in the retainer from the Debtor. The purpose of the security interest is to ensure payment of the fees and costs to be incurred in this case during the reorganization process.

10.    Notwithstanding the foregoing and pursuant to the BAP's case in *Dick Cepek*, the Firm does not believe that it has an interest adverse to the Debtor or the bankruptcy Estate. As of the Petition Date, the Firm was not a creditor of the Estate and was not owed any funds by the Debtor.

11.    To the best of my knowledge, none of the attorneys comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of

/ / /

2

55737v1/1183-001

California, the United States Trustee, or any person currently employed in the Office of the United States Trustee.  The Firm has no pre-petition claim against Debtor's Estate.

12.    The Firm will render services to the Debtor at the Firm's regular hourly rates, which may be subject to adjustment from time to time, and the Firm understands that any compensation in this case, from funds which are property of the Debtor's estate, is subject to approval of this Court.

13.    The Firm intends to apply to this Court, in conformity with 11 U.S.C. §§ 330 and 331, for compensation and reimbursement for fees incurred and costs advanced in the Debtor's case.

14.    The Firm has received a retainer from the Debtor in the amount of $35,000.00 ("Retainer") prior to the filing of the case.  After subtracting pre-petition fees and expenses from the Retainer, the amount of $ 21,063.35 remained in a trust account maintained by the firm as of the petition date.  This will balance will be disbursed only pursuant to the provisions of this Application, the Court's order with respect to this Application, 10 day notice procedures and orders on interim and/or final fee applications.  Pursuant to its fee agreement, the Firm obtained a security interest in the Retainer.  See also, *In re Dick Cepek*, 339 B.R. 730 (9th Cir. BAP 2006) [security retainer authorized if disclosed and approved by court].

15.    In addition, the Debtor's secured creditors Chandler Real Properties, a California limited partnership ("Chandler"), the Sukut Family Trust established July 16, 1993 ("Sukut Family Trust"), and the Myron C. Sukut Trust, UDT Oct. 14, 1986 ("Myron Sukut Trust"), have agreed to subordinate their liens claims, carveout from their collateral, and consent to the surcharge of their collateral to the extent of allowed fees to the Firm.

16.    The Debtor has agreed to fund, on a monthly basis, the fees and costs of the Firm.  In connection therewith, and in accordance with the provisions of the Retainer Agreement, the Firm requests that it be authorized to obtain from the Debtor payment of the Firm's accruing fees and costs on a monthly basis.  The Firm will file with the Court a monthly Professional Fee Statement, attaching a copy of the Firm's monthly invoice with respect to fees for professional services rendered to the Debtor, and for reimbursement of expenses incurred on behalf of the Debtor,

3

DECLARATION OF RICHARD A. MARSHACK

55737v1/1183-001

and serve copies of the invoice on the Debtor, the Office of the United States Trustee, and all creditors and parties in interest entitled to notice pursuant to the Limit Notice Order. If no written objection is filed with respect to the amount of the Firm's monthly invoice within ten (10) days after the service of such invoice on the various parties-in-interest, the Firm will withdraw from its trust account the fees and costs represented by that monthly invoice and will pay to itself those sums. If a written objection to the Firm's monthly invoice is filed by a party-in-interest, the Firm will refrain from withdrawing the disputed funds from its trust account until the Court has resolved the objection. Approximately every four (4) months, the Firm will file an application with the Court seeking allowance of its fees and costs incurred to that date and paid pursuant to such monthly payment procedure.

17.    No portion of the funds to be paid to the Firm pursuant to the monthly payment procedure provided for herein will be deemed to have been allowed by the Court unless and until such time as the Court enters an order expressly allowing such fees and costs in accordance with the requirements of 11 U.S.C. §§ 330 and 331. The Firm understands that any compensation to be received hereafter by the Firm from funds that are property of the Debtor's estate, is subject to approval by this Court, upon appropriate application and hearing in conformity with 11 U.S.C. §§ 330 and 331.

18.    At the conclusion of this case, the Firm will file an appropriate application seeking final allowance of the Firm's fees and costs, regardless of whether interim compensation has been paid to the Firm. Upon allowance of such fees and costs, the Debtor will pay to the Firm the difference between the amounts allowed to the Firm and any interim compensation paid to the Firm.

19.    The Firm understands and agrees that, if aggregate interim payments made to the Firm exceed the amount which is ultimately allowed to the Firm, the Firm will be required to, and will, promptly repay to the Debtor such difference.

20.    The Firm has not shared or agreed to share any compensation to be received by it in this case with any other person, except as among members of the Firm.

21.    Given the size and complexity of the case, the Firm anticipates that the Firm will be required to devote significant time to assisting the Debtor to reorganize its affairs. The Firm

4

55737v1/1183-001

1  anticipates that not less than two attorneys of the Firm and two paralegals will be required to devote

2  a significant amount of their billing time to the representation of the Debtor.  As a result, a

3  significant amount of the Firm's resources will be devoted to the Debtor's case.

4         22.     Due to the size of the Firm and the nature of the required commitment of the

5  Firm's resources to the Debtor's case, requiring the Firm to wait for periods of at least 120 days to

6  obtain payment of its fees pursuant to Section 331 of the Bankruptcy Code may place undue

7  hardship on the Firm.  It would be burdensome for the Firm if it were effectively required to

8  "finance" the Debtor's reorganization efforts in this case.

9         23.     The Firm will be able to respond to any order entered by this Court

10  reassessing fees paid to the Firm pursuant to the requested monthly payment procedure.  The Firm

11  and the partners of the Firm have the ability to respond to any such reassessment of fees paid to the

12  Firm.  The Firm is one of the preeminent bankruptcy law firms in Southern California.  The Firm has

13  never been unable to respond to any court-ordered reassessments of its fees.  The Firm understands

14  that its ultimate compensation in this case is subject to the provisions of Sections 330 and 331 of the

15  Bankruptcy Code, and is prepared to respond to any such reassessment.

16         I declare under penalty of perjury under the laws of the United States of America that

17  the foregoing is true and correct.

18         Executed on August 5, 2011 at Irvine, California.

19

20         RICHARD A. MARSHACK

21

22

23

24

25

26

27

28

DECLARATION OF RICHARD A. MARSHACK

55737v1 1183-001

Exhibit "1"

# M A R S H A C K   H A Y S LLP

**ATTORNEYS AT LAW | LITIGATION | REORGANIZATION | BANKRUPTCY**

Richard A. Marshack
D. Edward Hays
Cynthia S. Conners
Charles Liu
Judith E. Marshack
Martina A. Slocomb
Sarah C. Boone

*Of Counsel*
Kristine A. Thagard

Sender: D. Edward Hays
ehays@marshackhays.com

Reference No. 1060-001

July 11, 2011

*VIA E-MAIL ONLY*

Ray Poulter
CAPISTRANO TERRACE, LTD.
23792 Rockfield Blvd., Suite 100
Lake Forest, CA 92630

Re:      *In re Capistrano Terrace, Ltd.,*

Dear Mr. Poulter:

We are pleased that you have asked Marshack Hays LLP (the "Firm") to represent Capistrano Terrace, Ltd. in filing a Chapter 11 bankruptcy petition. We appreciate your confidence and look forward to working with you. This letter sets forth general information concerning our services and the fees and expenses which you should anticipate. If you are in agreement with the provisions concerning our engagement set forth in the balance of this letter, please sign the enclosed copy in the space provided, place your initials where called for, and return it to us. Understand that the Firm has not yet been retained and that our services will not commence until this agreement is signed and returned along with the retainer monies referred to below. Once executed, this agreement may not be changed or modified except by a written document signed by each of us. If you have any questions concerning any of these provisions, please do not hesitate to call. Once again, we are pleased to have the opportunity to serve you.

## IDENTITY OF THE CLIENT(S):

The client(s) retaining the Firm by this agreement is "**CAPISTRANO TERRACE, LTD.**" The client(s) will be referred to in this agreement as "You," "Your" or "Client."

## SUBJECT OF RETENTION:

The Firm has agreed to render legal services for the following aspects of the proposed Chapter 11 bankruptcy case:

**M A R S H A C K   H A Y S** LLP | www.marshackhays.com
5410 Trabuco Road, Suite 130 | Irvine, CA 92620 | 949.333.7777 | Fax 949.333.7778

Exhibit "1"
Page 21

July 11, 2011
Page 2 of 10

    a.    Preparation and filing of chapter 11 petition, schedules, statement of affairs, and all documents needed to commence chapter 11 petition; and

    b.    Representation of the Client in a Chapter 11 bankruptcy proceeding.

In the event you require additional services not set forth above, including defense of any lawsuit or adversary proceeding filed in the Chapter 11 case, a separate written agreement must be executed before additional services will be rendered. Unless otherwise agreed to in writing, additional services will be provided pursuant to our regular hourly rates set forth below.

Firm is not retained to commence or defend any litigation or adversary proceeding. Clients must hire separate counsel or enter into a new written retainer agreement with the Firm before the firm has an obligation to commence or defend any litigation.

Transfers made during the four year period prior to bankruptcy where the Client made such a transfer with actual intent to hinder, delay or defraud creditors are subject to avoidance as being actually fraudulent. Transfers made during the four year period prior to bankruptcy where the Client received less than reasonably equivalent value while insolvent are subject to avoidance as being constructively fraudulent. The four year period can be extended to seven years in certain circumstances.

Client further acknowledges that a debtor in bankruptcy may not discharge debts if a false oath is made including failing to disclose all assets and all liabilities. There is no picking and choosing which assets and liabilities the Client wants to "put through bankruptcy." A false oath also may result in the commission of a crime under Title 18 of the United States Code. Client also acknowledges being advised that discharge may be denied if Client made a transfer during the one year period prior to bankruptcy with actual intent to hinder, delay or defraud creditors. Client represents that Client is not aware of any transfers.

Even if the Client obtains a general discharge of debts, certain debts may be excepted from such discharge and Client will continue to be obligated to such creditors after bankruptcy. These exceptions include debts arising from fraud including misrepresentations on loan applications, debts arising from breach of a fiduciary duty, or debts arising from willful and malicious injury which could include conversion of a creditor's collateral and/or the damages awarded to tenants for failure to maintain the mobile home park.

Client acknowledges being advised of the risks involved in a bankruptcy case. Because of these risks and to ensure the optimum result from the bankruptcy case, Client promises to be 100% truthful with the Firm at all times. Furthermore, Client acknowledges that the Firm will never aid the Client in committing a crime or misleading the Trustee or the Court as to the facts on any issue. If Client instructs the Firm to not be completely honest, Client acknowledges that the Firm will seek to withdraw as his counsel.

Lastly, Client acknowledges that the Firm has not guaranteed any particular result in the bankruptcy and has expressed no opinion with regard to the outcome for any of the risks set forth above including whether the bankruptcy process can be successfully used to effect a reorganization or closure of the mobile home park. Also, any partner liable for debts of the

July 11, 2011
Page 3 of 10

Debtor under non-bankruptcy law will continue to be liable for such debts under bankruptcy law including the general partner of the Debtor.

Additionally, there are may requirements to confirm a chapter 11 plan. One such requirement is to get a class of impaired creditors to vote in favor of the plan. As such, given the size of the tenants' claims, it may be difficult to get a class of creditors to vote to accept the plan. We will propose to classify the holders of the second and third deeds of trust as separate classes in an effort to create multiple classes in the hope that one or more of such classes vote to accept the plan. Lastly, the partners of the Debtor cannot retain any equity ownership in the Debtor unless all creditors are paid in full. This is known as the "absolute priority rule." An exception to the absolute priority rule is that holders of equity interests make a contribution of substantial new value to the Debtor. For example, the equity owners of the other mobile home park that successfully used a chapter 11 bankruptcy to close the park made contributions totaling in excess of $400,000 that went to make distributions to unsecured creditors. While we have discussed possibly being able to first close the park and then sell it free and clear of all liens, claims and interests, there is no guaranty that the Court will authorize closure prior to payment of relocation costs or a sale. The bottom line is that there are substantial risks and uncertainties in getting the Debtor reorganized or the park closed in the bankruptcy case.

*AP*

Initials ("CLIENT'S INITIALS")


## TAX RAMIFICATIONS:

Unless otherwise agreed either herein or elsewhere in writing, the Firm has not been retained to provide You with advice or direction regarding any possible tax ramifications arising out of the Firm's representation of You. You further understand that, unless otherwise agreed in writing, the Firm will not be responsible for alerting You throughout the representation of any actual or potential tax-related matters. The Firm strongly encourages You to discuss all tax matters with competent tax counsel. The Firm does not have tax counsel. Absent the Firm affirmatively taking on this responsibility in writing, the Firm will make no representation or warranty regarding any actual or potential tax ramifications to You concerning any tax matters. It is strongly recommended that you review the affect of the specific matter(s) with your Certified Public Accountant or other tax professional who is responsible for your overall taxes.

We do not engage in the sort of "Tax Planning" which involves the recommendation of specific business or transactional arrangements the primary purpose of which is to reduce taxes in excess of the sums involved nor do we render "tax opinions" with respect to such transactions.

## AUDITS

Please be advised that the government randomly audits Debtors income and expenses, which could result in dismissal, conversion, denial of discharge and/or criminal referral.

July 11, 2011
Page 4 of 10

## HOURLY RATES:

The Firm wants to encourage You to bring to our attention, at any time, any questions or concerns You may have concerning either our services or our fees. Please also feel free to contact the undersigned to gain a complete understanding of our billing practices. Client is retaining the Firm and not any particular attorney in the Firm. Attorneys will charge a reasonable fee for professional services based primarily on an hourly rate which is in effect at the time the services are rendered. The factors the Firm will take into account in determining the ultimate fee are set forth in the American Bar Association Rules, a copy of which is enclosed for Your review. Time is charged in minimum units of one-tenths (.1) of an hour. While hourly rates for professionals and staff are adjusted from time to time, the Firm's current hourly rates are as follows:

| Attorney | Rates |
|---|---|
| Richard A. Marshack | $540.00 |
| D. Edward Hays | $475.00 |
| Cynthia S. Conners | $395.00 |
| Charles Liu | $375.00 |
| Judith E. Marshack | $295.00 |
| Martina A. Slocomb | $295.00 |
| Pamela Kraus | $210.00 |
| Paralegals | $150.00-$175.00 |

## ADJUSTMENTS TO RATES:

Services will be billed based upon all of the considerations discussed with You. The Firm will send statements for fees and expenses to Your attention on a monthly basis. Statements for fees, costs and other expenses are due and payable upon presentation to You. Any other arrangements, such as payments and installments, must be agreed to in writing. Please also understand that the hourly rates charged for these services are reviewed from time to time and revised or otherwise adjusted as circumstances indicate appropriate, usually at January 1 of each year. Any adjustment in billing rates will be reflected in Your monthly billing statements. If You decline to pay increased rates, the Firm will have the right to withdraw as Your attorney.

In certain cases, a judge, arbitrator or other judicial officer may order the other party to pay a portion of Client's attorney's fees. Client is aware that the order does not establish the total fees payable to Attorneys, but upon payment shall be credited against the fees earned under this Agreement. If Client's bill is paid in full, then any payments received from the other party shall be paid to Client or credited against future fees at Client's discretion.

July 11, 2011
Page 5 of 10

To aid in the preparation of Client's case, it may become necessary to hire expert witnesses, consultants or investigators. Attorneys will not hire such persons unless Client agrees to pay their fees and charges. Attorneys will select any expert witnesses, consultants or investigators to be hired.

## INITIAL DEPOSIT:

As explained, the Firm normally requests a retainer deposit when it begins working for new clients to secure the payment of its fees, costs and expenses. Today, the Debtor paid the Firm a retainer of $35,000. Of this amount, $10,000 has been paid on account of services rendered prior to the bankruptcy. The Firm has agreed that the balance of the services performed do not need to be paid by the Debtor but can be used as subsequent new value in the event of an avoidance action being brought by the estate. Firm will hold the **$25,000** balance as a security retainer (the "Initial Retainer"). In other words, the Firm will hold the Retainer in Trust as security for payment of fees and costs. **You agree to pay the current month's fees and costs to restore the Initial Retainer at every billing cycle.** Any excess will be returned to You at the time our final billing is rendered. The Firm would appreciate Your prompt attention to this request, as the Firm cannot undertake representing You until this initial retainer and filing fee are received. Client further acknowledges that the Firm has agreed to undertake its representation on the express understanding that the holders of all secured claims stipulate to use of all collateral including cash collateral to first pay all allowed administrative claims of the Debtor's counsel and special counsel. For example, all rents collected will first be used to cover operating expenses with the balance to be paid as additional retainer. Additionally, the secured creditors must consent that any other collateral including its deed of trust, claims to insurance proceeds and/or rents, issues and profits must be subordinated to administrative fees and costs and that such fees and costs will be surcharged against or carved-out from their collateral. If the secured creditors refuse to consent to such use, the Firm reserves the right to seek to withdraw from representing the Client.

*RP*

Initials ("CLIENT'S INITIALS")

## COURT APPROVAL

The terms set forth in this agreement is subject to approval of the U S Bankruptcy Court. If the above terms are not approved by the United States Bankruptcy Court, Firm shall have the absolute right to decline representation and, to the extent necessary, to withdraw from the case and all obligations to represent clients set forth herein. Firm shall be paid for the services rendered.

## COSTS:

All costs and expenses which the Firm in its discretion incurs in connection with the matter(s) for which it is engaged, will be for Your account. Costs and expenses shall include, but

July 11, 2011
Page 6 of 10

not be limited to, filing fees, photocopy charges, computer research, telephone usage, incoming and outgoing faxes, postage, travel, parking, court and deposition reporter's fees, expert fees, investigation expenses, clerical staff overtime, word processing charges, processor fees, messenger and delivery fees. The Firm may, in its discretion, advance such costs and expenses and any such sums so advanced must be paid by You upon presentation of the invoice reflecting costs incurred by the Firm on Your behalf. Understand, however, the Firm is under no obligation to advance any costs on Your behalf. The Firm charges:

| | |
|---|---|
| In-office photocopying: | $0.20/page |
| In-house scanning | $0.10/page |
| Facsimile charges | $0.50/page |

## ARBITRATION:

While we look forward to a mutually beneficial and enjoyable relationship with You, as You know, one of the jobs of a lawyer is to provide for the unanticipated. Accordingly, should any dispute arise between You and the Firm that is in any way related to the performance of this agreement by You or the Firm or in any way related to the Firm's representation of You in either the matter described above or in any other matter, including but not limited to disputes regarding fees, or claims regarding breach of contract, professional malpractice, breach of fiduciary duty or any other claim based in law or equity, You agree to have any such claim(s) resolved through binding arbitration in Irvine, California, pursuant to the Judicial Arbitration and Mediation Services (J.A.M.S.) Arbitration Program. Without limiting the generality of the foregoing, You and the Firm expressly agree that any and all questions as to whether or not an issue constitutes a dispute or other matter arbitrable under this arbitration agreement shall themselves be settled by arbitration in accordance with this paragraph. Any award shall be final, binding and conclusive upon You and the Firm and a judgment rendered thereon may be entered in any court having jurisdiction of any such dispute. The prevailing party in any arbitration, or in any litigation between You and the Firm, shall be entitled to recover reasonable attorneys' fees and costs (including administration expense associated with the arbitration itself.). YOU ACKNOWLEDGE THAT YOU ARE AWARE OF THE FACT THAT BY AGREEING TO ARBITRATION, YOU WAIVE ANY RIGHT THAT YOU HAVE TO A COURT OR JURY TRIAL FOR ANY AND ALL DISPUTES BETWEEN YOU AND THE FIRM. You further acknowledge and agree that the arbitration shall be governed by the laws of the State of California and that the forum for any dispute arising hereunder, including the site of the arbitration, shall be the City of Irvine, County of Orange, State of California. The arbitrator shall follow the laws of California and may not invoke any other basis (including, but not limited to, notions of "just cause") to rule on the claims.

## CELL PHONE AND E-MAIL COMMUNICATION:

The Firm hereby informs You and You hereby acknowledge that the Firm's attorneys sometimes communicate with their clients and their clients' professionals and agents by cell telephone, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that You must inform

July 11, 2011
Page 7 of 10

the Firm in writing if You do not wish the Firm to discuss privileged matters on cell telephones with You or Your professionals or agents. Additionally, if a trustee is appointed in this case, the trustee has the ability to waive the privilege and require disclosure of all communications between the Firm and the Client.

The Firm hereby informs You and You hereby acknowledge that the Firm's attorneys sometimes communicate with their clients and their clients' professionals and agents by unencrypted e-mail, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that You must inform the Firm in writing if You wish to institute a system to encode all e-mail between the Firm and You or Your professionals or agents.

## COOPERATION:

The Firm will provide services to You in accordance with this agreement and in reliance upon information and guidance provided by You. The Firm will keep You reasonably informed of progress and developments, and will respond to Your inquiries. To enable the Firm to consult with You effectively, You agree to cooperate fully with the Firm in all developments and to fully and accurately disclose all facts and documents that may be relevant to the matter or that the Firm may otherwise request. You also will make Yourself and other appropriate client personnel reasonably available to attend meetings, conferences, hearings and other proceedings as may be necessary.

## NO GUARANTY OF SUCCESS:

Either at the commencement or during the course of the Firm's services, the Firm may express opinions or beliefs concerning various matters relating to the matters on which the Firm is consulting on, as well as various courses of action and the results that might be anticipated. Any such statement by any partner or employee of the firm is intended to be an expression of opinion only, based on information available to the Firm at the time, and should not be construed by You as a promise or guaranty. Furthermore, You understand that the Firm has made no representation or guaranty concerning a successful outcome on the matter in which consulting services are being provided.

## LIENS FOR UNPAID FEES:

A lien acts as security for unpaid fees and cost reimbursement that you owe the Firm. This lien could delay payments to You until any disputes over the amount to be paid to the Firm are resolved. You hereby grant the Firm a lien for any sums due and owing to the Firm for fees and costs at the conclusion of the Firm's services under this agreement.

The lien will attach to the Initial Retainer and any recovery that You may obtain in this matter whether by arbitration award, judgment, settlement or otherwise, in the matter(s) for which You are retaining the Firm. Additionally, you have been advised that the Firm expects to enter into an agreement with your three secured creditors that will provide that they will subordinate, carve-out and allow their liens to be surcharged in an amount equal to all fees and

July 11, 2011
Page 8 of 10

costs incurred by the Firm in this case.  Because the funds paid to the firm from monies otherwise payable to the secured creditors will not reduce their debts and liens against your property, any potential equity in the property that you may have now or in the future may be reduced. This reduction could be adverse to you. You may seek the advice of an independent lawyer of Your choice about the liens granted in this agreement. By initialing this provision and signing this agreement, You acknowledge that You have been advised to seek the advice of an independent lawyer regarding these liens and the potential for a conflict of interest, and that You have been given a reasonable opportunity to seek that advice.

The above addition regarding the granting of liens to secure the Firm's fees has been explained, read, and approved by the client.

*QP*
Initials ("CLIENT'S INITIALS")

## INTEREST:

In the event You fail to pay the Firm all monies as they become due, the unpaid balance shall accrue interest at the lower of the maximum amount permitted by law or 9% per annum. Failure to enforce this interest provision on one or more months shall not constitute a waiver of the Firm's right to pursue said interest in the future.

## TERMINATION:

You may terminate this agreement at any time by written notice to the Firm. Your termination of the Firm's services will not affect Your responsibility for payment of outstanding statements, accrued fees and expenses incurred before termination or in connection with an orderly transition of the matter.  If such termination occurs, Your papers and property will be returned to You promptly. The Firm's own files pertaining to all matters will be retained.  You may request access to the portion of the file which the Firm retains should You have a need or desire to do so.  It is agreed that all fees and costs accrued at the time of withdrawal will be immediately due and payable.

The Firm may terminate this agreement and withdraw from providing further services to You if You fail to fulfill Your obligations under this agreement, including Your obligation to pay the Firm's fees and expenses as they become due, or as permitted or required under any applicable standards of professional conduct or upon the Firm's reasonable notice to You, or if irreconcilable differences develop between the Firm and You which, in the Firm's sole discretion, would significantly impair the ability of the Firm to satisfactorily and effectively discharge its duties to You.

Attorneys may withdraw from representing Client with Client's consent or for good cause.  Good cause includes, but is not limited to, Client's breach of this Agreement, Client's refusal to cooperate with Attorneys or to follow Attorneys' advice on a material matter or any fact or circumstances that would render Attorneys' continuing representation unlawful or

July 11, 2011
Page 9 of 10

unethical. All parties hereto agree that obligations of Attorneys under this Agreement are subject to Court orders, statutes, laws, rules and regulations governing Client's legal rights and Client authorizes Attorneys to take whatever action is necessary to comply with the requirements of such authorities.

## FILE STORAGE:

In providing services to You, the Firm may generate, receive or accumulate various materials. Upon Your request and prior to the closing of our files for this representation, the Firm will forward to You all important, original documents that it has accumulated. After closing the file, all remaining documents or materials may be archived without further notice to You. After three (3) years, the Firm reserves the right to permanently dispose of any unclaimed materials.

*Client acknowledges and consents to the Firm maintaining only electronic records of client documents and pleadings. Client understands that there are certain risks of maintaining only electronic records and specifically consents to this procedure.*

## CONSENT TO USE OF INFORMATION:

In connection with future materials that, for marketing purposes, describe facets of our law practice and recite examples of matters we handle on behalf of clients, You agree that if those materials avoid disclosing Your confidences and secrets as defined by applicable ethical rules, they may identify You as a client, may contain factual synopses of Your matters, and may indicate generally the results achieved.

## BINDING EFFECT:

This is a binding legal contract. The Firm has, by this contract, agreed to expend reasonable efforts and exercise reasonable judgment on Your behalf and may have to forego other engagements with other actual or potential clients. You agree to provide reasonable cooperation and assistance to the Firm and that the Firm shall be entitled to payment pursuant to this agreement, regardless of the outcome of the work and regardless of whether You are or are not satisfied with the results obtained by the Firm. This agreement is made and some or all services will be performed in the State of California and California law will govern our relationship.

## SEVERABILITY:

If any of these provisions is stricken in an arbitration or a court proceeding, the remainder shall constitute the agreement.

## COUNTERPARTS:

Each person counter-signing the agreement warrants that he or she has authority to do so.

July 11, 2011
Page 10 of 10

## REVIEW:

You acknowledge that the Firm has discussed the terms of this agreement and that the Firm has given You the opportunity to have this agreement reviewed by an attorney or other person of Your choosing prior to You signing it.

Please review this letter carefully and, if the terms and conditions of the Firm's representation and the billing arrangements meet with Your approval, please sign the enclosed copy of this letter and return it to the Firm so that we may begin work. Please call if You have any questions.

Thank you again for retaining Marshack Hays LLP on Your behalf. We appreciate the confidence that You have placed in the Firm and we look forward to working with You on this Matter.

Sincerely,

**MARSHACK HAYS LLP**

*/s/ D. Edward Hays*

D. EDWARD HAYS

DEH:lb
42982v1/1183-001

## ACKNOWLEDGED AND AGREED:

The undersigned has agreed to the foregoing terms for the provision of legal services by Marshack Hays LLP, and agrees to such terms and conditions this 11th day of July 2011.

The undersigned has read and understands the consent provisions set forth above, and specifically consents to the waiver of the conflicts of interest set forth above.

DATED:  July 19, 2011          **CAPISTRANO TERRACE, LTD.**


By: _Ray Poulter_____
    Name: Ray Poulter
    Title: President of General Partner, AG03-79, Inc.


DEH:lb
27591v2/1135-001

Exhibit "2"

**EXHIBIT "2"**

**PARTNERS**

**RICHARD A. MARSHACK**

Richard A. Marshack is a founding member of the firm of Marshack Hays LLP.  He was born in Las Vegas, Nevada, June 21, 1958.  He graduated from University of California at Irvine in 1979 with a Bachelor of Arts degree and  California Western School of Law (J.D. Magna Cum Laude, 1982). Recipient, American Jurisprudence Award: Agency and Partnership. Staff Writer, 1980-1981 and Lead Articles Editor, 1981-1982 California Western Law Review.  He was admitted to the California Bar in 1982 and the U. S. District Court, Central and Southern Districts of California and U. S. Court of Appeals, Ninth Circuit, 1984.

Mr. Marshack was Law Clerk to the Honorable Folger Johnson, Chief Judge, United States Bankruptcy Court, District of Oregon, 1982-1984, and an Adjunct Professor: Bankruptcy Law, Western States University College of Law, Bankruptcy Law, 1993; Bankruptcy Law, University of California, Irvine, 1985-1992.

Mr. Marshack has authored several articles, including: "The Toxic Claim: Using Bankruptcy Law to Limit Environmental Liabilities," California Bankruptcy Journal, Volume 19, Number 3, 1991; "Recent Developments Under Section 546 of the Bankruptcy Code," Tactics for Unsecured Creditors of Bankrupt Debtors," California Lawyer 21, August, 1984; "Adequate Protection for the Unsecured Creditor Under the Bankruptcy Code", Commercial Law Journal 621, December 1983; "Recent Developments for Reclaiming Goods Under the Bankruptcy Code and the Uniform Commercial Code, "Uniform Commercial Code Law Journal 187, July, 1983; "Reclamation of Goods Under the Bankruptcy Code," Oregon Debtor-Creditor News Letter, I, July 1983; "Sindell vs. Abbot Laboratories: Is Market Share Liability the Best Remedy to the DES Controversy" California Western Law Review 143, 1981.

Memberships: Orange County Bankruptcy Forum, Director and President 1995-96; Orange County Bar Association (Commercial Law & Bankruptcy Section), Chairman, 1989; California State Bar Association; Commercial Law League of America; Los Angeles Bankruptcy Forum.

*Panel Bankruptcy Trustee for U.S. Bankruptcy Court, Central District of California, 1985 - Present.*

**D. EDWARD HAYS**

D. Edward Hays, is a founding member of the firm of Marshack Hays LLP.  He was born in Los Angeles, California. He graduated with honors from California State University at Fullerton in 1989 with a Bachelor of Arts degree in Business. He graduated from the University of Southern California Law Center in 1992 where he was a member of the Hale Moot Court Honors program. Mr. Hays was admitted to practice in 1992.

Mr. Hays currently serves on the Board of Directors for the following organizations: Legal Aid Society of Orange County; University of Southern California Law School Annual Fund; Cal State University Fullerton Alumni Association; and Cal State University Fullerton Philanthropic Foundation. In 2004-2005, Mr. Hays served as the President of the Cal State Fullerton Alumni Association and was selected that year as a CSUF Volunteer of the Year. In 2004, Mr. Hays was the Chair of the Resolutions Committee for the Orange County Bar Association and has served as a delegate to the State Bar Conference on behalf of Orange County every year since 1995. In 2000, Mr. Hays was the Chair of the Commercial Law & Bankruptcy Section of the Orange County Bar Association. Mr. Hays also has served as a Director or member of the following organizations: the Inland Empire Bankruptcy Forum; the Orange County Bankruptcy Forum; the William P. Gray Legion Lex American Inns of Court, the Federal Bar Association and the Executive Council for the College of Business at Cal State Fullerton. In 1998 and 1999, Mr. Hays also served as a Judge Pro Tem for the Superior Court of the State of California, County of Los Angeles.

Ed also has been selected on numerous occasions to present lectures on various legal topics including bankruptcy, exemptions and online public record research. He also serves on the Central District Task Force for Amendments to the Local Bankruptcy Rules. In 2004, Ed won the State Bar 5k race and, in 2005 and 2006, was the runner-up. He also actively participates in triathlons completing full-distance Ironman events in 2000 and 2003.

Published cases: *In re Continental Capital & Credit*, 158 B.R. 828 (Bankr. C.D.Cal. 1993); *In re Turner*, 186 B.R. 108 (9th Cir. BAP 1995); *In re National Environmental Waste Corporation*, 191 B.R. 832 (Bankr. C.D.Cal. 1996) *aff'd* 129 F.3d 1052 (9th Cir. 1997); *In re Metz*, 225 B.R. 173 (9th Cir. BAP 1998); *Blonder v. Cumberland Engineering*, (1999) 71 Cal.App.4th 1057, 84 Cal.Rptr.2d 216; *In re Kuraishi*, 237 B.R. 172 (Bankr. C.D.Cal. 1999); *In re Kim*, 257 B.R. 680 (9th Cir. BAP 2000); *In re Dudley*, 249 F.3d 1170 (9th Cir. 2001); and *In re Dick Cepek*, 339 B.R. 730 (9th Cir. BAP 2006).

## ASSOCIATES

### CHARLES LIU

Charles Liu is an associate at Marshack Hays LLP. Mr. Liu specializes in handling bankruptcy and other insolvency related proceedings for a broad range of clients including businesses and individuals. He has successfully represented Chapter 11 debtors, including secured and unsecured creditors, creditor committees, bankruptcy trustees and asset purchasers in a variety of matters including workouts, reorganizations, liquidations, assignments for the benefit of creditors, and business acquisitions. Having an acute understanding of the complexities of bankruptcy, Mr. Liu regularly devises strategies to avoid costly litigation. He often negotiates financing arrangements on behalf of his clients, and helps structure financing to avoid insolvency related problems. In addition to his extensive bankruptcy law experience, Mr. Liu has successfully litigated matters involving breach of contract, breach of fiduciary duty, fraud, derivative actions, and class actions.

Mr. Liu earned his Juris Doctor from Loyola Law School in 1997. While attending law school, he won the American Jurisprudence Award in Trusts and Wills and was the Articles Editor for the Loyola of Los Angles International and Comparative Law Journal.

Mr. Liu was an extern to the Honorable Mitchel R. Goldberg, United States Bankruptcy Court, Central District of California and upon graduation, he was a law clerk to the Honorable Meredith A. Jury, United State Bankruptcy Court, Central District of California.

Originally from Taiwan, Mr. Liu spent most of his time in the U.S. in the San Gabriel Valley and received his Bachelor of Science degree from the University of California, Riverside. Prior to joining the firm, Mr. Liu was an associate at Winthrop Couchot Professional Corporation and at Liner Yankelevitz Sunshine & Regenstreif, LLP.

## CYNTHIA S. CONNERS

Cynthia S. Conners is an associate of the firm of Marshack Hays LLP. She was born in Boston, Massachusetts. She graduated *cum laude* from UCLA with a Bachelor of Arts degree in Political Science, completed course work for her Masters Degree in Public Administration at the University of San Francisco, and received her Juris Doctor from the University of California Los Angeles School of Law in 1983, graduating in the top one percent of her class. She was a member of the UCLA Law Review in 1981-1982, and a Comment Editor in 1982-1983, Order of the Coif, and received the American Jurisprudence award for Evidence. She served as extern law clerk to the Honorable Richard Hill, Central District of California, in 1982. Her published comment in the UCLA Law Review was cited by the United States Court of Military Appeals.

Ms. Conners was admitted to the State Bar of California in 1983, to the Nevada Bar in 1999, and to the New Jersey State Bar in 2004.

She served in the United States Army from 1975 to 1985, and served as a Judge Advocate General's Corps prosecutor for the Second Infantry Division in Korea and as a defense counsel at the Presidio of San Francisco. After serving in the Army she practiced as a litigation associate and partner at several prestigious law firms handling many complex trials.

Ms. Conners is currently a member of the Laguna Woods City Council. She also serves on the Orange County Waste Management Commission, the Coastal Greenbelt Authority, the Orange County Fire Authority, and the El Toro Water District Advisory Council.

## MARTINA SLOCOMB

Martina S. Slocomb is an associate attorney at Marshack Hays LLP. Her practice involves a wide range of business and civil litigation, creditors' rights, and bankruptcy matters. Ms. Slocomb's litigation experience includes seeking appointment of receivers for creditors, representing receivers in state court actions in which they have been appointed, obtaining pre-judgment remedies and enforcing judgments, defending developers, banks, and other parties who have been sued for foreclosure of mechanic's liens and enforcement of stop notice claims, seeking unlawful detainer judgments on behalf of landlords and lenders, and handling a variety of other civil litigation matters. Her bankruptcy law practice includes representation of secured and unsecured creditors who have claims against individuals and corporations that have filed for bankruptcy, including lenders, landlords, and trade creditors.
Ms. Slocomb graduated from Lewis & Clark College in Portland, Oregon with a Bachelor of Arts in International Affairs and Foreign Languages with an emphasis in Spanish and French.

She received her J.D. from the University of Southern California in 2007. While in law school Ms. Slocomb was the Managing Editor of the Review of Law & Social Justice. In 2007 she served as a judicial extern to the Honorable Dale S. Fischer of the United States District Court, Central District of California.

Ms. Slocomb is admitted to practice law in California and Montana and is admitted to the United States District Court, Central, Southern, and Eastern Districts of California. She is member of the Orange County Bar Association, the Orange County Bankruptcy Forum, and the Los Angeles County Bar Association.

### JUDITH E. MARSHACK

Judith E. Marshack is an Associate with Marshack Hays LLP. She was born in Inglewood, CA. Ms. Marshack graduated from the California State University, Long Beach in 1982 and from Western State University, College of Law in 1992, and was admitted to practice law in 1992.

### SARAH C. BOONE

Sarah C. Boone is an Associate attorney at Marshack Hays LLP. Her practice involves a wide range of business and civil litigation, creditors' rights, and bankruptcy matters. Her bankruptcy law practice often involves representation of Trustees on behalf of secured and unsecured creditors who have claims against individuals and corporations that have filed for bankruptcy, including lenders, landlords, and trade creditors. Ms. Boone's previous litigation experience includes extensive federal securities litigation practice with emphasis on representation of institutional and individual clients in class action lawsuits alleging public companies' violations of the Securities Act and Securities Exchange Act, under the umbrella of the Private Securities Litigation Reform Act.
Ms. Boone is admitted to practice law in California and Montana and is admitted to the United States District Courts for the Northern, Central, and Southern Districts of California and the United States District Court for the District of Montana. She is member of the Orange County Bar Association and the San Diego County Bar Association.
Ms. Boone graduated from the University of Southern California in Los Angeles, California with a Bachelor of Arts in Philosophy and a Master of Fine Arts in Professional Writing. She received her J.D. in 2007 from Tulane University Law School in New Orleans, Louisiana.


### PARALEGALS

PAMELA KRAUS, Trustee Case Administrator 1990 to Present;  Education:  Coastline Community College, Costa Mesa (A.A. 2004);  Legal Assistant Training Program, Coastline Community College, American Bar Association Certification (Completion 2004).  Member: Orange County Paralegal Association; Orange County Bankruptcy Forum; National Association of Bankruptcy Trustees.

CHANEL MENDOZA, Experience: Ms. Mendoza has worked in the legal field for more than a dozen years. After graduating high school, she enrolled in a legal secretary program. Shortly after graduation, she began a decade-long career as a legal assistant in both federal and state court matters qualifying her as a paralegal under California law. Ms. Mendoza has a proven track record of drafting notices, basic motions, agreements, proofs of service, complaints, answers, declarations and orders. She has completed the course offered by the United States Bankruptcy Court for the Central District of California on Electronic Case Filing ("ECF").

Ms. Mendoza has developed exceptional organizational and writing skills and remains dedicated to providing uncompromising service.

Chanel was a former Board Member of NALS and is a current member of the National Notary Association and Orange County Legal Secretaries Association, Inc.

LAYLA BERGINI, Experience: Ms. Bergini has over seventeen years of law related experience working in civil, bankruptcy and family law, while working under the direct supervision of active members of the California State Bar.   Member:   Orange County Legal Secretaries Association.   Ms. Bergini has extensive knowledge in all aspects of state and federal court litigation and bankruptcy practices.

LAURIE MCPHERSON, Trustee Case Administrator 2007 to present;  Trustee field agent and/ paraprofessional 1988 to 2007;  Experience: Twenty years of law related experience as a bankruptcy trustee paraprofessional working under the direct supervision of active members of the California State Bar and attorneys who practice in federal courts located in California.

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt Avenue, Irvine, CA 92620

A true and correct copy of the foregoing document described ***APPLICATION BY DEBTOR AND DEBTOR-IN-POSSESSION TO EMPLOY MARSHACK HAYS LLP AS GENERAL COUNSEL AND TO PAY POST-PETITION RETAINERS; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT THEREOF*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 5, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com
- James Andrew Hinds    jhinds@jhindslaw.com
- Charles Liu    cliu@marshackhays.com
- Tracy L Schimelfenig    tracy.schim@fennelllaw.com, luralene.schultz@fennelllaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **August 5, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Via U.S. Mail
Debtor
Capistrano Terrace Ltd, Debtor and
Debtor-in-Possession
23792 Rockfield Blvd., Suite 100
Lake Forest, CA 92630

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 5, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Service on Judge not required pursuant to LBR 5005-2(d)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 5, 2011 | Chanel Mendoza | *Chanel Mendoza* |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**