1  JAMES ANDREW HINDS, JR. (SBN 71222)
   jhinds@jhindslaw.com
2  PAUL R. SHANKMAN (SBN 113608)
   pshankman@jhindslaw.com
3  HYE JIN JANG (SBN 272463)
   hjang@jhindslaw.com
4  HINDS & SHANKMAN, LLP
   21515 Hawthorne Blvd.
5  Suite 1150
   Torrance, California 90503
6  Telephone: (310) 316-0500
   Facsimile: (310) 792-5977
7
   [Proposed] Attorneys for the Official Committee of
8  Unsecured Creditors of Capistrano Terrace, Ltd.

9

                    **UNITED STATES BANKRUPTCY COURT**
10
                    **CENTRAL DISTRICT OF CALIFORNIA**
11
                         **SANTA ANA DIVISION**
12

13  In re                              )    CASE NO.  8:11-bk-19767 MW
                                       )
14                                     )    (Chapter 11)
                                       )
15  CAPISTRANO TERRACE, LTD., a        )    **APPLICATION OF THE OFFICIAL**
    California limited partnership,    )    **COMMITTEE OF UNSECURED**
16                                     )    **CREDITORS TO EMPLOY HINDS &**
                                       )    **SHANKMAN, LLP AS BANKRUPTCY**
17                                     )    **COUNSEL; DECLARATION OF HYE**
                                       )    **JIN JANG IN SUPPORT THEREOF**
18           Debtors and Debtors-in-Possession.  )
                                       )    [No Hearing Required]
19                                     )
    _____)
20

21      **TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY**

22  **JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, ALL CREDITORS AND**

23  **OTHER PARTIES-IN-INTEREST AND THEIR RESPECTIVE COUNSEL OF RECORD,**

24  **AND TO ALL PARTIES REQUESTING SPECIAL NOTICE, AND THEIR COUNSEL, IF**

25  **ANY:**

26  / / /

27  / / /

28
                                1.
    _____
    APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY HINDS & SHANKMAN,
    LLP AS BANKRUPTCY COUNSEL; DECLARATION OF HYE JIN JANG IN SUPPORT THEREOF

1      1.      Capistrano Terrace, Ltd., (hereinafter referred to as the "Debtor")  is the

2  owner of the real property commonly known as Capistrano Terrace Mobile Home Park,

3  32802 Valle Road, San Juan Capistrano, CA 92675 (hereinafter referred to as the

4  "Property").

5      2.      On July 12, 2011, (hereinafter referred to as the "Petition Date"), the

6  Debtor, filed its voluntary petition under chapter 11 of Title 11 of the United States Code

7  in the United States Bankruptcy Court in the Central District of California, Santa Ana

8  Division.

9      3.      The Official Committee of Unsecured Creditors of Capistrano Terrace, Ltd.

10  (hereinafter referred to as the "Committee") requires the services of general bankruptcy

11  counsel to carry out its duties in the Debtor's chapter 11 bankruptcy case.  After due

12  consideration of its options, the Committee voted in favor of employ Hinds & Shankman,

13  LLP (hereinafter referred to as "Hinds & Shankman") as its general counsel, taking into

14  account Hinds & Shankman's size, experience, skill level and cost structure.  The

15  Committee therefore seeks to employ Hinds & Shankman as its general bankruptcy

16  counsel, at the expense of Debtor's bankruptcy Estate and to have its employment of

17  Hinds & Shankman be deemed effective as of <u>August 22, 2011</u>, the date of the formation

18  of the Committee (hereinafter referred to as the "Formation").

19      4.      After the Formation, Hinds & Shankman was contacted by several

20  unsecured creditors of the Debtor's Estate, requesting detailed information regarding the

21  Debtor's chapter 11 case and the formation and purpose of a committee.  These

22  communications required substantial communications with creditors and the Office of the

23  United States Trustee and a review of the Debtor's Schedules in this case, all of which

24  were material to the Committee.

25      5.      The Committee requires the assistance of counsel to render, amoung

26  others, the following types of professional services:

27  / / /

28  / / /

2 .

a.    advising the Committee with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules, and the requirements of the Office of the United States Trustee as they pertain to the Committee and the Debtor;

b.    advising the Committee with regard to certain rights and remedies of the Debtor's bankruptcy Estate and the rights, claims, and interests of the substantial class of unsecured and secured creditors;

c.    representing the Committee in any proceeding or hearing before the Bankruptcy Court involving the Debtor's Estate;

d.    conducting examinations of witnesses, claimants, or adverse parties and representing the Committee in any adversary proceeding filed in this case;

e.    preparing and assisting the Committee in the preparation of reports, applications, pleadings, and orders, including, but not limited to, applications to employ professionals, and responding to applications, motions, papers, and pleadings filed by any other party-in-interest in this case, including the Debtor;

f.    assisting the Committee to evaluate any sale or other disposition of assets in this case;

g.    assisting the Committee to evaluate the existence of any assets and/or cause of action to pursue and representing the Committee in connection with the pursuit or any such causes of action;

h.    assisting the Committee in the negotiation, formulation, preparation, and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of a plan, if deemed necessary in this case; and

i.    performing any other services which may be appropriate in Hinds & Shankman's representation of the Committee during this bankruptcy case.

6.    Hinds & Shankman is comprised of attorneys who specialize in and limit their practice to matters of insolvency, reorganization, bankruptcy law, and business litigation and is well qualified to represent the Committee. All attorneys comprising or associated with the Hinds & Shankman are admitted to practice law in the California

3.

1  courts and in the United States District Court for the Central District of California.  A copy

2  of the Hinds & Shankman's resume is attached as Exhibit "1" to the Declaration of Hye

3  Jin Jang, Esq. (the "Hye Jin Jang Declaration") annexed hereto.  The Committee expects

4  that James Andrew Hinds, Jr., Paul R. Shankman, and Hye Jin Jang will be the primary

5  attorneys at the Hinds & Shankman, LLP responsible for the representation of the

6  Committee during this chapter 11 case.

7          7.      A listing of the current hourly billing rates for each of the attorneys at Hinds

8  & Shankman is attached as Exhibit "2" to the Hye Jin Jang Declaration annexed hereto.

9  Hinds & Shankman will bill its time for its representation of the Committee on an hourly

10  billing basis in accordance with its standard hourly billing rates.  Hinds & Shankman will

11  seek reimbursement of expenses in accordance with the rates set forth in the Guidelines

12  promulgated by the Office of the United States Trustee.  Hinds & Shankman will seek

13  Court authority on an interim or final basis to be paid from the Debtor's Estate for any and

14  all fees incurred and expenses advanced by Hinds & Shankman in connection with this

15  case, after notice and a hearing.

16          8.      The Debtor's secured creditors, Chandler Real Properties, a California

17  limited partnership, the Sukut Family Trust established on July 16, 1993, and the Myron

18  C. Sukut Trust, UDT established on Oct. 14, 1986, have agreed to subordinate their lien

19  claims, to carve out from their collateral, and have consented to the surcharge of their

20  collateral to the extent of allowed fees to the professionals employed in the Debtor's

21  bankruptcy.

22          9.      Further, Hinds & Shankman seeks the Court's approval to file with the Court

23  and the Office of the United States Trustee on a monthly basis face sheet fee

24  applications utilizing the Professional Fee Statement Form USTLA-6 and ten-day notice

25  procedure.  Hinds & Shankman requests to be paid based thereon from the Debtor's

26  operating income on a monthly basis (absent objections), with a hold back of 20% of

27  gross monthly billings, with all billings to be reviewed upon regular interim and final fee

28  applications.  Hinds & Shankman respectfully represents that this request is reasonable

4.

and that the following applicable factors prescribed by the case of <u>In re Knudsen Corp.</u> (9th Cir. BAP 1988) 84 BR 668, 672-673, militate in favor of approving same:

     a.    Waiting an extended period of time for payment would place undue hardship on Hinds & Shankman, as no retainer was paid for the Committee's representation;

     b.    The 20% holdback of gross monthly billings and interim and final review of all fees and costs incurred provides protection regarding repayment of any fees and costs that may be subsequently disallowed; and

     c.    Payment of any fees and costs on a monthly basis are subject to notice and opportunity for a hearing on same for any given month.

9.    Hinds & Shankman has represented other committees, secured and unsecured creditors, debtors, and trustees in cases before the United States Bankruptcy Court for the Central District of California. Such prior representation in no way affects the proposed representation as provided for herein.

10.    Hinds & Shankman will provide monthly billing statements to the Committee that will set forth the amount of fees incurred and expenses advanced by Hinds & Shankman during the previous month.

11.    Hinds & Shankman understands the provisions of 11 U.S.C. §§ 327, 328, 330 and 331, which require, among other things, Court approval of the Committee's employment of the Hinds Law Firm as general bankruptcy counsel to the Committee and of all legal fees and reimbursement of expenses that the Hinds & Shankman will receive from the Debtor's Estate. Pursuant to § 329(a) of the Bankruptcy Code and Bankruptcy Rule 2016, neither Hinds & Shankman nor its members and of counsel agree to share any compensation for services rendered or to be rendered in any capacity whatsoever in connection with this case between Hinds & Shankman and any other entity, except between the partners and/or associates of Hinds & Shankman.

12.    As set forth in the annexed Jang Declaration, to the best of Hinds & Shankman's knowledge, Hinds & Shankman does not hold or represent any interest

5.

adverse to the Committee, the Debtor or the Debtor's Estate, and Hinds & Shankman is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.  Also, to the best of the Hinds & Shankman's knowledge, Hinds & Shankman has no prior connection with the Debtor, or any members of the Committee, any creditors of the Debtor or the Estate, or any other party in interest in this case, or their respective attorneys, or accountants, the United Slates Trustee or any person employed by the United States Trustee.

13.    The following supplemental disclosures are made in compliance with Form 220, ¶¶ 7-12, of the Office of the United States Trustee:  References to Hinds & Shankman include all Members who are expected to render services in this case:

a.    Hinds & Shankman is not and was not a pre-petition creditor, an equity security holder, or an insider of the Debtor.

b.    Hinds & Shankman is not and was not an investment banker for any outstanding security of the Debtor.

c.    Hinds & Shankman is not and was not, within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

d.    Hinds & Shankman is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

e.    Hinds & Shankman has no interest materially adverse to the interests of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

f.    The name, address and phone number of the person signing on behalf of Hinds & Shankman and the relationship of such person to Hinds & Shankman are listed on the caption page of this document.

6.

1    14.    The employment of James Andrew Hinds, Jr., Paul R. Shankman, and

2    Hye Jin Jang and other members, associates, and attorneys of counsel of the Hinds &

3    Shankman as general bankruptcy counsel to the Committee is in the best interests of the

4    Committee and the creditors of the Debtor's Estate.

5    15.    Pursuant to Local Bankruptcy Rules a Notice Pursuant to Local Rule 2014-

6    1(b)(2) of Application for Appointment of Hinds & Shankman as Bankruptcy Counsel for

7    the Committee has been served as required by applicable law.  A true and correct copy

8    of the Notice is attached hereto as Exhibit "3" and is incorporated herein by this reference

9    as if set forth in full.

10

11    **WHEREFORE**, the Committee prays that it be authorized to employ James

12    Andrew Hinds, Jr., Paul R. Shankman, Hye Jin Jang, and other members, associates,

13    and attorneys of counsel of Hinds & Shankman as its general bankruptcy counsel with

14    the compensation that is at the expense of the Estate in accordance with law and

15    consistent with the Guidelines of the Office of the United States Trustee and further

16    Orders of this Court as proposed herein, with said employment to be effective as of

17    August 22, 2011, the date of the formation of the Committee.

18

19    DATED: September 8, 2011            Respectfully submitted,

20                                        THE OFFICIAL COMMITTEE OF UNSECURED
                                          CREDITORS OF CAPISTRANO TERRACE,
21                                        LTD.

22                                        President, HOA

23
                                          By:    (Signature to be filed  with the Court
24                                               shortly after 9/8/2011)
                                                 Sally G. Rather
25

26                          [Signature continued on the next page]

27

28
                                        7.

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY HINDS & SHANKMAN,
LLP AS BANKRUPTCY COUNSEL; DECLARATION OF HYE JIN JANG IN SUPPORT THEREOF

1                     [Signature continued from the prior page]

2

3 PRESENTED BY:
HINDS & SHANKMAN, LLP

4

5 By: /s/ Hye Jin Jang _____
         HYE JIN JANG
6 [Proposed] Counsel for the Official Committee
of Unsecured Creditors of Capistrano Terrace, Ltd.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8.

**DECLARATION OF HYE JIN JANG**

I, Hye Jin Jang, declare and state as follows:

1.    I am an attorney duly licensed to practice law before all of the courts of the State of California and am admitted to practice law before this United States Bankruptcy Court. I am an associate at Hinds & Shankman, LLP (hereinafter referred to as the "Hinds & Shankman"), proposed general bankruptcy counsel to the Official Committee of Unsecured Creditors of Capistrano Terrace, Ltd. (hereinafter referred to as the "Committee") appointed in the chapter 11 case of Capistrano Terrace, Ltd. referred to as the "Debtor") in the above-referenced bankruptcy. I am one of the attorneys who will be principally responsible for the representation of the Committee before this Court and before the Office of the United States Trustee in the Debtor's chapter 11 case. The matters set forth hereinbelow are made of my own personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.    I have read the foregoing Application To Employ Counsel and know the contents thereof, and the same is true of my own knowledge, except as to those matters which are therein stated upon information or belief, and as to those matters, I believe them to be true. This Declaration is made pursuant to § 327 of the Bankruptcy Code and Local Bankruptcy Rule 2014-1(b)(1)(B).

3.    On July 12, 2011, (hereinafter referred to as the "Petition Date"), the Debtor, filed its voluntary petition under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court in the Central District of California, Santa Ana Division.

4.    The Official Committee of Unsecured Creditors of Capistrano Terrace, Ltd. (hereinafter referred to as the "Committee") requires the services of general bankruptcy counsel to carry out its duties in the Debtor's chapter 11 bankruptcy case. After due consideration of its options, the Committee voted in favor of employ Hinds & Shankman, LLP (hereinafter referred to as "Hinds & Shankman") as its general counsel, taking into account Hinds & Shankman's size, experience, skill level and cost structure. The

9.

1  Commitee therefore seeks to employ Hinds & Shankman as its general bankruptcy

2  counsel, at the expense of Debtor's bankruptcy Estate and to have its employment of

3  Hinds & Shankman be deemed effective as of <u>August 22, 2011</u>, the date of the formation

4  of the Committee (hereinafter referred to as the "Formation").

5      5.      After the Formation, Hinds & Shankman was contacted by several

6  unsecured creditors of the Estate, requesting detailed information regarding the Debtor's

7  chapter 11 case and the formation and purpose of a committee.  These communications

8  required substantial communications with creditors and the Office of the United States

9  Trustee and a review of the Debtor's Schedules in this case, all of which were material to

10  the Committee.

11      6.      The Committee requires the assistance of counsel to render, among

12  others, the following types of professional services:

13          a.      advising the Committee with regard to the requirements of the

14  Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules, and the requirements of the

15  Office of the United States Trustee as they pertain to the Committee and the Debtor;

16          b.      advising the Committee with regard to certain rights and remedies of

17  the Debtor's bankruptcy Estate and the rights, claims, and interests of the substantial

18  class of unsecured and secured creditors;

19          c.      representing the Committee in any proceeding or hearing before the

20  Bankruptcy Court involving the Debtor's Estate;

21          d.      conducting examinations of witnesses, claimants, or adverse parties

22  and representing the Committee in any adversary proceeding filed in this case;

23          e.      preparing and assisting the Committee in the preparation of reports,

24  applications, pleadings, and orders, including, but not limited to, applications to employ

25  professionals, and responding to applications, motions, papers, and pleadings filed by

26  any other party-in-interest in this case, including the Debtor;

27          f.      assisting the Committee to evaluate any sale or other disposition of

28  assets in this case;

10.

g.    assisting the Committee to evaluate the existence of any assets and/or cause of action to pursue and representing the Committee in connection with the pursuit or any such causes of action;

h.    assisting the Committee in the negotiation, formulation, preparation, and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of a plan, if deemed necessary in this case; and

i.    performing any other services which may be appropriate in Hinds & Shankman's representation of the Committee during this bankruptcy case.

7.    Hinds & Shankman is comprised of attorneys who specialize in and limit their practice to matters of insolvency, reorganization, bankruptcy law, and business litigation and is well qualified to represent the Committee.  All attorneys comprising or associated with the Hinds & Shankman are admitted to practice law in the California courts and in the United States District Court for the Central District of California.  A copy of the Hinds & Shankman's resume is attached as Exhibit "1" to the Declaration of Hye Jin Jang, Esq. (the "Jang Declaration") annexed hereto.  The Committee expects that James Andrew Hinds, Jr., Paul R. Shankman, and Hye Jin Jang will be the primary attorneys at the Hinds Law Firm responsible for the representation of the Committee during this chapter 11 case.

8.    A listing of the current hourly billing rates for each of the attorneys at Hinds & Shankman is attached as Exhibit "2" to the Jang Declaration annexed hereto.  Hinds & Shankman will bill its time for its representation of the Committee on an hourly billing basis in accordance with its standard hourly billing rates.  Hinds & Shankman will seek reimbursement of expenses in accordance with the rates set forth in the Guidelines promulgated by the Office of the United States Trustee.  Hinds & Shankman will seek Court authority on an interim or final basis to be paid from the Debtor's Estate for any and all fees incurred and expenses advanced by Hinds & Shankman in connection with this case, after notice and a hearing.

///

11.

1        9.     The Debtor's secured creditors, Chandler Real Properties, a California

2  limited partnership, the Sukut Family Trust established on July 16, 1993, and the Myron

3  C. Sukut Trust, UDT established on Oct. 14, 1986, have agreed to subordinate their lien

4  claims, to carve out from their collateral, and have consented to the surcharge of their

5  collateral to the extent of allowed fees to the professionals employed in the Debtor's

6  bankruptcy.

7        10.    Further, Hinds & Shankman seeks the Court's approval to file with the Court

8  and the Office of the United States Trustee on a monthly basis face sheet fee

9  applications utilizing the Professional Fee Statement Form USTLA-6 and ten-day notice

10  procedure.  Hinds & Shankman requests to be paid based thereon from the Debtor's

11  operating income on a monthly basis (absent objections), with a hold back of 20% of

12  gross monthly billings, with all billings to be reviewed upon regular interim and final fee

13  applications.  Hinds & Shankman respectfully represents that this request is reasonable

14  and that the following applicable factors prescribed by the case of <u>In re Knudsen Corp</u>.

15  (9th Cir. BAP 1988) 84 BR 668, 672-673, militate in favor of approving same:

16        a.     Waiting an extended period of time for payment would place undue

17                hardship on Hinds & Shankman, as no retainer was paid for the

18                Committee's representation;

19        b.     The 20% holdback of gross monthly billings and interim and final review of

20                all fees and costs incurred provides protection regarding repayment of any

21                fees and costs that may be subsequently disallowed; and

22        c.     Payment of any fees and costs on a monthly basis are subject to notice and

23                opportunity for a hearing on same for any given month.

24        11.    Hinds & Shankman has represented other committees, secured and

25  unsecured creditors, debtors, and trustees in cases before the United States Bankruptcy

26  Court for the Central District of California.  Such prior representation in no way affects the

27  proposed representation as provided for herein.

28  / / /

12.

12.     Hinds & Shankman will provide monthly billing statements to the Committee that will set forth the amount of fees incurred and expenses advanced by Hinds & Shankman during the previous month.

13.     Hinds & Shankman understands the provisions of 11 U.S.C. §§ 327, 328, 330 and 331, which require, among other things, Court approval of the Committee's employment of the Hinds & Shankman as general bankruptcy counsel to the Committee and of all legal fees and reimbursement of expenses that Hinds & Shankman will receive from the Debtor's Estate.  Pursuant to § 329(a) of the Bankruptcy Code and Bankruptcy Rule 2016, neither Hinds & Shankman nor its members and of counsel agree to share any compensation for services rendered or to be rendered in any capacity whatsoever in connection with this case between Hinds & Shankman and any other entity, except between the partners and/or associates of Hinds & Shankman.

14.     As set forth herein and to the best of Hinds & Shankman's knowledge, Hinds & Shankman does not hold or represent any interest adverse to the Committee, the Debtor or the Debtor's Estate, and Hinds & Shankman is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.  Also, to the best of the Hinds & Shankman's knowledge, Hinds & Shankman has no prior connection with the Debtor or any members of the Committee, any creditors of the Debtor or the Estate, or any other party in interest in this case, or their respective attorneys, or accountants, the United Slates Trustee or any person employed by the United States Trustee.

15.     The following supplemental disclosures are made in compliance with Form 220, ¶¶ 7-12, of the Office of the United States Trustee:  References to Hinds & Shankman include all Members who are expected to render services in this case:

a.     Hinds & Shankman is not and was not a pre-petition creditor, an equity security holder, or an insider of the Debtor.

b.     Hinds & Shankman is not and was not an investment banker for any outstanding security of the Debtor.

/ / /

13.

1      c.     Hinds & Shankman is not and was not, within three (3) years before the

2      date of the filing of the petition herein, an investment banker for a security of the

3      Debtor, or an attorney for such an investment banker in connection with the offer,

4      sale or issuance of any security of the Debtor.

5      d.     Hinds & Shankman is not and was not, within two (2) years before the date

6      of the filing of the petition herein, a director, officer or employee of the Debtor or of

7      any investment banker for any security of the Debtor.

8      e.     Hinds & Shankman has no interest materially adverse to the interests of the

9      Estate or of any class of creditors or equity security holders, by reason of any

10      direct or indirect relationship to, connection with, or interest in, the Debtor or an

11      investment banker for any security of the Debtor, or for any other reason.

12      f.     The name, address and phone number of the person signing on behalf of

13      Hinds & Shankman and the relationship of such person to Hinds & Shankman are

14      listed on the caption page of this document.

15      16.    The employment of James Andrew Hinds, Jr., Paul R. Shankman, and

16  Hye Jin Jang and other members, associates, and attorneys of counsel of Hinds &

17  Shankman as general bankruptcy counsel to the Committee is in the best interests of the

18  Committee and the creditors of the Debtor's Estate.

19      17.    The employment of James Andrew Hinds, Jr., Paul R. Shankman, and Hye

20  Jin Jang, and other members, associates, and attorneys of counsel of Hinds &

21  Shankman as general bankruptcy counsel to the Committee is in the best interests of the

22  Committee and the creditors of the Debtor's Estate.

23      18.    Pursuant to Local Bankruptcy Rules a Notice Pursuant to Local Rule 2014-

24  1(b)(2) of Application for Appointment of Hinds & Shankman as Bankruptcy Counsel for

25  the Committee has been served as required by applicable law.  A true and correct copy

26  of the Notice is attached hereto as Exhibit "3" and is incorporated herein by this reference

27  as if set forth in full.

28  / / /

1    I declare under penalty of perjury, pursuant to the laws of the United States of

2    America, that the foregoing is true and correct.

3    Executed this 8th day of September 2011 at Torrance, California.

4

5

6                                        ____/s/ Hye Jin Jang_____
                                         HYE JIN JANG

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY HINDS & SHANKMAN,
LLP AS BANKRUPTCY COUNSEL; DECLARATION OF HYE JIN JANG IN SUPPORT THEREOF

# EXHIBIT "1"

# EXHIBIT "1"

## HINDS & SHANKMAN, LLP
Attorneys and Counselors
21515 Hawthorne Boulevard
Suite 1150
Torrance, California 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977
www.jhindslaw.com

## FIRM OVERVIEW

Hinds & Shankman, LLP is a thirty-five year old minority owned law firm located in the South Bay in Torrance, California. Our expertise goes beyond litigation, and includes assisting clients in matters involving administrative law, banking, consumer issues, business planning and other related matters. We maintain a network of reliable experts, including bankers in the middle market, to help our clients restructure and regroup, whether in the context of bankruptcy reorganization, or out of court workouts. When the business cannot be saved, we provide superior representation in a voluntary dissolution, orderly liquidation (through bankruptcy or otherwise), or assignment for the benefit of creditors process. Our Firm has represented clients in such diverse industries as automobile dealerships, rental car companies, wind farms, telephone equipment installers, real estate investors, developers, telephone companies, and renewable energy, healthcare, oil, ambulance and non-emergency transportation, the 12-volt industry, the recording industry, aftermarket auto products, and others.

<u>Areas of Expertise</u>

**Business Litigation:** At Hinds & Shankman we are experienced and effective advocates for our business clients, helping to resolve disputes, both in and out of court. Our attorneys have the skill and knowledge to help fully evaluate the validity and potential long-term effects of any lawsuit or claim against a company, and then work with that company to develop a plan to resolve the matter in a way that will best serve their business goals.

The Firm provides personal, one-on-one representation to clients in business disputes in state and federal courts, mediation and arbitration, including those involving: breach of contract, failure to perform, fraud, unfair competition, professional liability, breach of fiduciary duty, employment disputes, administrative actions, purchase and sale disputes, joint ventures, commercial transactions and other disputes.

**Business Banking Restructures:** The attorneys at Hinds & Shankman have particular experience helping clients whose businesses are struggling. Because of their extensive experience, our attorneys can help negotiate agreements with banks, find new financing, restructure debt, work with secured and unsecured creditors, or come up with some other solution tailored to bring a company back to profitability. We are proud that many of our referrals come from accountants who trust us to take care of their clients.

**Mediation, Arbitration and Out-of-Court Workouts:** At Hinds & Shankman we know litigation can be expensive and time consuming. Our attorneys have developed a national reputation for effectively seeking out non-litigation alternatives to resolve disputes, including mediation, arbitration and out-of-court workouts for financially troubled companies.

We will thoroughly analyze the facts of a dispute and represent our clients as a party advocate in mediation or arbitration. If a company is facing bankruptcy, we will assess what creditors could reasonably expect to receive from the bankruptcy estate, and seek negotiated settlements with those creditors outside of court in an effort to avoid a bankruptcy filing. We understand and appreciate that litigation is not a blood-sport and that litigation is and should viewed as the client's last option.

**Business Bankruptcy:** The professionals of Hinds & Shankman are especially well-regarded in the bankruptcy arena. Our attorneys take the time to understand each client's goals in order to provide innovative solutions tailored to a particular situation.

The Firm has extensive experience representing debtors, creditors, bankruptcy trustees, creditors committees, and asset purchasers. Our clients include publicly to closely held companies as well as partnerships and individuals. In each case, we are focused on offering timely, cost-effective solutions for both the short and long term. Our team of highly experienced attorneys successfully serves our clients' needs as required in all aspects of insolvency cases, including reorganizations, liquidations and litigation.

The attorneys at Hinds & Shankman regularly appear in all bankruptcy courts sitting in Los Angeles, Orange, Santa Ana, San Fernando Valley, Santa Barbara, Oakland, San Jose, and San Diego and are active participants in all regional County bar associations. Among both the debtors' and creditors' bars our attorneys have established a reputation as professional and assertive, whether in obtaining cash collateral protection, relief from stay, or favorable reorganization terms.

**Creditor's Rights Representation:** Hinds & Shankman takes the time to assess creditor's options and exposure. We want to be certain of the opportunities to improve our client's position and to minimize litigation time and expense.

We know how to build the strongest case in court. That expertise gives us the winning edge in negotiations, documentation of forbearance and other agreements and in preparing workout structures for our clients.

The Firm's extensive representation of secured and unsecured lenders, as well as borrowers, in enforcing loan covenants enhances our unique view of the forces at work between lender, borrower, and guarantor.

We offer our creditor clients a full range of credit enforcement tools including: prejudgment attachments, asset seizure, rent capture and receiverships, asset liquidation, collection litigation, enforcement of guarantor and surety obligations, garnishment, setting aside fraudulent and voluntary conveyances, execution on judgments and bankruptcy representation.

**Receiver and Trustee Representation:** The combination of business knowledge and bankruptcy law experience offered by Hinds & Shankman. makes our Firm particularly effective when representing receivers and bankruptcy trustees in reorganization and recovery proceedings.

The Firm has experience representing and working with receivers and trustees in Chapter 11, Chapter 7, district, and state court proceedings, assisting them in gathering and managing the assets of the company, restructuring the company where appropriate, liquidating assets, negotiating with creditors and bringing suit when necessary to recover funds. We assist receivers and trustees in pursuing avoidance actions and other matters, including litigation against directors and officers, former company management and insider litigation.

### SAMPLE OF PREVIOUS RECEIVERSHIP WORK

**1999-Present:** Representation of regional banks and private lenders regarding commercial real property State Court Receiverships and representation of investors in case involving Ponzi Scheme pending before Judge Real in the US DC. Representation of chapter 7 Trustees appointed by the US BC in the liquidation of millions of dollars of recovered assets and claims.

**1998-1999:** Representation of GMAC Commercial Mortgage and Deutsche Bank regarding commercial real property state court Receiverships.

**1997-1998:** Representation of US DC Special Master in large corporate automobile Ponzi Scheme case pending before the United States Bankruptcy Court at Santa Ana.

**1993-1995:** Representation of the FDIC, RTC, California Federal Bank, Manufacturers Bank, and National Bank of California in several commercial real property Receiverships and the liquidation of millions of dollars in seized assets.

**1984-1992:** Representation of State Court Appointed Receivers and Commissioners in several liquidating and operating business cases in Los Angeles County involving fraud, partnership disputes, and real properties.

**James Andrew Hinds, Jr. (Managing Member)**
jhinds@jhindslaw.com

Education: University of California at Berkeley; Dartmouth College, A.B., 1973, Harvard University, J.D., 1976.

Membership: Los Angeles County Bar Association (Member, Bankruptcy Section, 1997-1999).

Admissions: 1976, California; 1977, U.S. Court of Appeals, Ninth Circuit; 1988, U.S. Court of Appeals, Second, Third and Fourth Circuits.

Practice Areas:    Bankruptcy; Business Litigation; Commercial Law; Creditors' Rights; Healthcare Law; Insolvency.

Biography: James Andrew Hinds, Jr. is a Harvard Law School graduate with more than 30 years of civil litigation experience, focused particularly in the areas of business and commercial transactions.

A native of Berkeley, California, he received his undergraduate education at the University of California at Berkeley and Dartmouth College. Mr. Hinds served as Book Review Editor for the Harvard Journal on Legislation from 1975 to 1976 and as a Staff Member of the Harvard Civil Rights Civil Liberties Law Review from 1975 to 1976.

Mr. Hinds was admitted to the California bar in 1976 and is admitted to practice before the U.S. Courts of Appeals for the Second, Third, Fourth and Ninth Circuits and each of the District Courts in the State.

A frequent author and lecturer, he is co-author of "Buying Hotel Properties in Bankruptcy: Goldmine or Trap for the Unwary," 3 Journal of Bankruptcy Law and Practice, 627, 1944; author of "To Right Mass Wrongs: A Federal Consumer Class Action Act," 13 Harvard Journal on Legislation 776, 1976. His speaking engagements include: the 4th Annual Real Property Retreat, Real Property Law Section of The California State Bar, 1995; The Orange County Bankruptcy Forum, 1990; The Group Health Association of America, Group Health Institute, 1989; California Society for Healthcare Attorneys, Annual Meeting, 1987; Century City Bar Association, 1983; National Business Institute various topics in 2004 and 2005.

He is a member of the Los Angeles County Bar Association, served as a member of the board of the Association of Business Trial Lawyers from 1986 to 1988, and as President (1989-1995) and Treasurer (1986-1988) of the Harvard Law School Association of Southern California.

**Paul R. Shankman (Member)**
pshankman@jhindslaw.com

Education:  University of California, Los Angeles, B.A., cum laude, 1979, Loyola Law School, Los Angeles, J.D., 1983.

Membership:  Los Angeles County, Orange County, San Bernardino County and American Bar Associations; State Bar of California; Financial Lawyers Conference of Southern California.

Admissions:  1984, California, U.S. Court of Appeals, Ninth Circuit and U.S. District Court, Central and Southern Districts of California.

Practice Areas:  Bankruptcy Law; Insolvency; Commercial Law; Banking Law; Business Litigation; Creditors' Rights.

Biography:  Paul R. Shankman brings to the Firm and its clients over 23 years of exceptional bankruptcy and civil litigation experience and is a Certified Specialist in Business Bankruptcy Law by the American Bankruptcy Board of Certification.

Mr. Shankman is a member of the American Bankruptcy Institute, the Los Angeles, Orange County, and Inland Empire Bankruptcy Forums; the Los Angeles County, Beverly Hills, and American Bar Associations; the State Bar of California; and the Financial Lawyers Conference of Southern California.


**Cristina Keith (Associate)**
ckeith@jhindslaw.com

Education:  University of Kentucky (B.A., cum laude, 1998); Vanderbilt University School of Law (J.D. 2002).

Membership:  Los Angeles County Bar Association.

Admissions:  U.S. Central District of California 2008; California, 2005; New York, 2002.

Practice Areas:  Business Litigation; Commercial Law; Creditors' Rights; Insurance Law.

Ms. Keith is a seasoned litigator with big firm experience who has appeared in state and federal courts in complex insurance and business matters.

**Hye Jin Jang (Associate)**
hjang@jhindslaw.com

Education: University of California, Los Angeles (B.A., cum laude, 2005); University of California, Hastings College of Law (J.D. 2009)

Membership: Los Angeles County Bar Association; Beverly Hills Bar Association; Korean American Bar Association

Admissions: California, 2010; U.S. Central District of California, 2010

Practice Areas:  Bankruptcy; Business Litigation; Collections; Creditors' Rights.

# EXHIBIT "2"

# EXHIBIT "2"

## HINDS & SHANKMAN, LLP
Hourly Billing Rates

### Partners

James Andrew Hinds, Jr.....................................$435.00

Paul R. Shankman.............................................$350.00

### Associates

Cristina F. Keith................................................$295.00

Hye Jin Jang.....................................................$200.00

### Paralegals............................................................$125.00

# EXHIBIT "3"

# EXHIBIT "3"

1  JAMES ANDREW HINDS, JR. (SBN 71222)
   jhinds@jhindslaw.com
2  PAUL R. SHANKMAN (SBN 113608)
   pshankman@jhindslaw.com
3  HYE JIN JANG (SBN 272463)
   hjang@jhindslaw.com
4  HINDS & SHANKMAN, LLP
   21515 Hawthorne Blvd.
5  Suite 1150
   Torrance, California 90503
6  Telephone: (310) 316-0500
   Facsimile: (310) 792-5977
7
   [Proposed] Attorneys for the Official Committee of
8  Unsecured Creditors of Capistrano Terrace, Ltd.

9
                 UNITED STATES BANKRUPTCY COURT
10
                 CENTRAL DISTRICT OF CALIFORNIA
11
                       SANTA ANA DIVISION
12

13  In re                            )  CASE NO.  8:11-bk-19767 MW
                                      )
14                                    )  Chapter 11
                                      )
15  CAPISTRANO TERRACE, LTD., a       )  **NOTICE PURSUANT TO LOCAL
    California limited partnership,   )  BANKRUPTCY RULE 2014-1(b)(2) OF
16                                    )  SUBMISSION OF APPLICATION OF
                                      )  THE OFFICIAL COMMITTEE OF
17                                    )  UNSECURED CREDITORS OF
                                      )  CAPISTRANO TERRACE, LTD. TO
18         Debtor and Debtor-In-Possession.  )  EMPLOY HINDS & SHANKMAN, LLP
                                      )  AS BANKRUPTCY COUNSEL**
19                                    )
                                      )  [Local Bankruptcy Rule 2014-1(b)(2)
20                                    )  and Federal Rules of Bankruptcy
                                      )  Procedure, Rule 2014]
21                                    )
                                      )  [No Hearing Required]
22  _____   )

23
       **TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY**
24
    **JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, ALL CREDITORS AND**
25
    / / /
26
    / / /
27

28  _____
                              1.

**OTHER PARTIES-IN-INTEREST AND THEIR RESPECTIVE COUNSEL OF RECORD, AND TO ALL PARTIES REQUESTING SPECIAL NOTICE, AND THEIR COUNSEL, IF ANY**:

1.     Capistrano Terrace, Ltd., (hereinafter referred to as the "Debtor") is the owner of the real property commonly known as Capistrano Terrance Mobile Home Park, 32802 Valle Road, San Juan Capistrano, CA 92675 (hereinafter referred to as the "Property").

2.     On July 12, 2011, (hereinafter referred to as the "Petition Date"), the Debtor, filed its voluntary petition under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court in the Central District of California, Santa Ana Division.

3.     The Official Committee of Unsecured Creditors of Capistrano Terrace, Ltd. (hereinafter referred to as the "Committee") requires the services of general bankruptcy counsel to carry out its duties in the Debtor's chapter 11 bankruptcy case.  After due consideration of its options, the Committee voted in favor of employ Hinds & Shankman, LLP (hereinafter referred to as "Hinds & Shankman") as its general counsel, taking into account Hinds & Shankman's size, experience, skill level and cost structure.  The Committee therefore seeks to employ Hinds & Shankman as its general bankruptcy counsel, at the expense of Debtor's bankruptcy Estate and to have its employment of Hinds & Shankman be deemed effective as of August 22, 2011, the date of the formation of the Committee (hereinafter referred to as the "Formation").

4.     After the Formation, Hinds & Shankman was contacted by several unsecured creditors of the Debtor's Estate, requesting detailed information regarding the Debtor's chapter 11 case and the formation and purpose of a committee.  These communications required substantial communications with creditors and the Office of the United States Trustee and a review of the Debtor's Schedules in this case, all of which were material to the Committee.

2.

5.    The Committee requires the assistance of counsel to render, amoung others, the following types of professional services:

a.    advising the Committee with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules, and the requirements of the Office of the United States Trustee as they pertain to the Committee and the Debtor;

b.    advising the Committee with regard to certain rights and remedies of the Debtor's bankruptcy Estate and the rights, claims, and interests of the substantial class of unsecured and secured creditors;

c.    representing the Committee in any proceeding or hearing before the Bankruptcy Court involving the Debtor's Estate;

d.    conducting examinations of witnesses, claimants, or adverse parties and representing the Committee in any adversary proceeding filed in this case;

e.    preparing and assisting the Committee in the preparation of reports, applications, pleadings, and orders, including, but not limited to, applications to employ professionals, and responding to applications, motions, papers, and pleadings filed by any other party-in-interest in this case, including the Debtor;

f.    assisting the Committee to evaluate any sale or other disposition of assets in this case;

g.    assisting the Committee to evaluate the existence of any assets and/or cause of action to pursue and representing the Committee in connection with the pursuit or any such causes of action;

h.    assisting the Committee in the negotiation, formulation, preparation, and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of a plan, if deemed necessary in this case; and

i.    performing any other services which may be appropriate in Hinds & Shankman's representation of the Committee during this bankruptcy case.

///

3.

1      **PLEASE TAKE NOTICE THAT** on September 8, 2011 the Committee filed its

2    Application to Employ Hinds & Shankman as Bankruptcy Counsel retroactive to August

3    22, 2011, with compensation to be paid by the Debtor's Estate pursuant to Order of

4    Court.

5

6      **PLEASE TAKE NOTICE THAT** Hinds & Shankman understands the provisions of

7    11 U.S.C. §§ 327, 328, 330 and 331, which require, among other things, Court approval

8    of the Committee's employment of Hinds & Shankman as bankruptcy counsel and of all

9    legal fees and reimbursement of expense that Hinds & Shankman will receive from the

10    Debtor's Estate.  Pursuant to § 329(a) of the Bankruptcy Code and Bankruptcy Rule

11    2016, neither Hinds & Shankman nor its members and of counsel agree to share any

12    compensation for services rendered or to be rendered in any capacity whatsoever in

13    connection with this case between Hinds & Shankman and any other entity, expect

14    between the partners and/or associates of Hinds & Shankman.  The Firm will comply with

15    the requirements of § 329 of the Bankruptcy Code and further Orders of the Court and

16    Hinds & Shankman and will seek to be compensated subject to the Guidelines of the

17    Office of the United States Trustee, subject to review and allowance by this Court in

18    accordance with applicable law.  Hinds & Shankman will bill its time fore its

19    representation of the Committee on an hourly billing basis in accordance with its standard

20    hourly billing rates.  Hinds & Shankman will seek reimbursement of expenses in

21    accordance with the rates set forth in the Guidelines promulgated by the Office of the

22    United States Trustee.  Hinds & Shankman will seek Court authority on an interim or final

23    basis to be paid from the Debtor's Estate for any and all fees incurred and expenses

24    advanced by Hinds & Shankman in connection with this case, after notice and a hearing.

25

26      **PLEASE TAKE FURTHER NOTICE THAT** the Debtor's secured creditors,

27    Chandler Real Properties, a California limited partnership, the Sukut Family Trust

28                        4 .

1 | established on July 16, 1993, and the Myron C. Sukut Trust, UDT established on Oct. 14,

2 | 1986, have agreed to subordinate their lien claims, to carve out from their collateral, and

3 | have consented to the surcharge of their collateral to the extent of allowed fees to the

4 | professionals employed in the Debtor's bankruptcy.

5 |

6 | **PLEASE TAKE FURTHER NOTICE THAT** Hinds & Shankman seeks the Court's

7 | approval to file with the Court and the Office of the United States Trustee on a monthly

8 | basis face sheet fee applications utilizing the Professional Fee Statement Form USTLA-6

9 | and ten-day notice procedure.  Hinds & Shankman requests to be paid based thereon

10 | from the Debtor's operating income on a monthly basis (absent objections), with a hold

11 | back of 20% of gross monthly billings, with all billings to be reviewed upon regular interim

12 | and final fee applications.  Hinds & Shankman respectfully represents that this request is

13 | reasonable and that the following applicable factors prescribed by the case of In re

14 | Knudsen Corp. (9th Cir. BAP 1988) 84 BR 668, 672-673 militate in favor of approving

15 | same:

16 | a.    Waiting an extended period of time for payment would place undue

17 | hardship on Hinds & Shankman as no retainer was paid for the Committee's

18 | representation;

19 | b.    The 20% holdback of gross monthly billings and interim and final review of

20 | all fees and costs incurred provides protection regarding repayment of any fees and

21 | costs that may be subsequently disallowed; and

22 | c.    Payment of any fees and costs on a monthly basis are subject to notice and

23 | opportunity for a hearing on same for any given month.

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 |
5 .

1    **PLEASE TAKE FURTHER NOTICE THAT** a copy of the Application can be

2    obtained by contacting Rodaba S. Farid, Administrative Assistant c/o Hinds & Shankman,

3    LLP, 21515 Hawthorne Blvd., Suite 1150, Torrance, California 90503, (310) 316-0500,

4    and preparing for a copy of the Application.

5

6    **PLEASE TAKE FURTHER NOTICE THAT** pursuant to Local Rule 2014-1, any

7    party <u>opposing</u> the Application must file with the Court and serve upon the Debtor, its

8    proposed counsel, and the Office of the United States Trustee, a written response and

9    request for hearing no later than <u>fourteen (14) days plus three (3) days for mailing from</u>

10    <u>the date of service of this notice</u> or such other period of time as the Court may set

11    pursuant to the Application.

12

13    **PLEASE TAKE FURTHER NOTICE THAT** if you do not tile a written objection in

14    conformity with applicable procedures and rules, the Application may be granted without

15    a hearing and without further notice to you.

16

17    Dated: September 8, 2011                      HINDS & SHANKMAN, LLP
18    Date Mailed: September 8, 2011

18                                                 By: /s/ Hye Jin Jang
                                                   HYE JIN JANG
19                                                 [Proposed] Counsel for the Official
                                                   Committee of Unsecured Creditors
20

21

22

23

24

25

26

27

28                                    6.

| | |
|---|---|
| In re:<br>CAPISTRANO TERRACE, LTD.<br><br>Debtor(s). | CHAPTER  11<br>CASE NUMBER 8:11-bk-19767 MW |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: HINDS & SHANKMAN, LLP., 21515 Hawthorne Blvd., Suite 1150, Torrance, California 90503

The foregoing document described  NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 2014-1(b)(2) OF SUBMISSION OF APPLICATION OF THE OFFICIAL COMMITTEE OF  UNSECURED CREDITORS OF CAPISTRANO TERRACE, LTD. TO EMPLOY HINDS & SHANKMAN, LLP AS BANKRUPTCY COUNSEL will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u> – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>September 8, 2011,</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Michael J. Hauser    michael.hauser@usdoj.gov
D. Edward Hays    ehays@marshackhays.com
James Andrew Hinds    jhinds@jhindslaw.com
Charles Liu    cliu@marshackhays.com
Richard A. Marshack    rmarshack@marshackhays.com, lbergini@marshackhays.com
Tracy L. Schimelfenig    tracy.schim@fennelllaw.com, luralene.schultz@fennelllaw.com
Lisa Torres    lisa.torres@fennelllaw.com,
william.fennell@fennelllaw.com;luralene.schultz@fennelllaw.com;tracy.schim@fennelllaw.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

II. <u>**SERVED BY U.S. MAIL OR OVERNIGHT MAIL**</u>(indicate method for each person or entity served):
On <u>September 8, 2011,</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

X    Service information continued on attached page

III. <u>**SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL**</u> (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 8, 2011 | Hye Jin Jang | /s/ Hye Jin Jang |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

| In re:<br><br>CAPISTRANO TERRACE, LTD.<br><br>Debtor(s). | CHAPTER  11<br>CASE NUMBER 8:11-bk-19767 MW |
|---|---|

**Parties Served Via Federal Express:**

The Honorable Mark S. Wallace
U.S. Bankruptcy Court
411 W. Fourth Street
Suite 6C
Santa Ana, CA 92701

**Parties Served Via First Class Mail:**

Capistrano Terrace, Ltd.
Debtor and Debtor-in-Possession
23792 Rockfield Blvd., Suite 100
Lake Forest, CA 92630

Advanced Real Estate Services, Inc.
Lisa Darling-Alderton
Woolls & Peer
One Wilshire Blvd 22nd Fl
Los Angeles, CA 90017

James Nanzig
32802 Valle Road, #17
San Juan Capistrano, CA 92675

Kenneth Rice
32802 Valle Road, #100
San Juan Capistrano, CA 92675

Jerry Moody
32802 Valle Road, #14
San Juan Capistrano, CA 92675

Kelly Hanson
32802 Valle Road, #126
San Juan Capistrano, CA 92675

Leon Peters
32802 Valle Road, #40
San Juan Capistrano, CA 92675

Ruston Calisch
32802 Valle Road, #26
San Juan Capistrano, CA 92675

Sally Garibaldi
32802 Valle Road, #34
San Juan Capistrano, CA 92675

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          **F 9013-3.1**

| In re:<br>CAPISTRANO TERRACE, LTD.<br><br>Debtor(s). | CHAPTER  11<br>CASE NUMBER 8:11-bk-19767 MW |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: HINDS & SHANKMAN, LLP., 21515 Hawthorne Blvd., Suite 1150, Torrance, California 90503

The foregoing document described APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY HINDS & SHANKMAN, LLP AS BANKRUPTCY COUNSEL; DECLARATION OF HYE JIN JANG IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 8, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Michael J. Hauser    michael.hauser@usdoj.gov
D. Edward Hays    ehays@marshackhays.com
James Andrew Hinds    jhinds@jhindslaw.com
Charles Liu    cliu@marshackhays.com
Richard A. Marshack    rmarshack@marshackhays.com, lbergini@marshackhays.com
Tracy L. Schimelfenig    tracy.schim@fennelllaw.com, luralene.schultz@fennelllaw.com
Lisa Torres    lisa.torres@fennelllaw.com,
william.fennell@fennelllaw.com;luralene.schultz@fennelllaw.com;tracy.schim@fennelllaw.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On September 8, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

X  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 8, 2011 | Hye Jin Jang | /s/ Hye Jin Jang |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                   **F 9013-3.1**

| In re:<br>CAPISTRANO TERRACE, LTD.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 8:11-bk-19767 MW |
|---|---|

**Parties Served Via Federal Express:**

The Honorable Mark S. Wallace
U.S. Bankruptcy Court
411 W. Fourth Street
Suite 6C
Santa Ana, CA 92701

**Parties Served Via First Class Mail:**

Capistrano Terrace, Ltd.
Debtor and Debtor-in-Possession
23792 Rockfield Blvd., Suite 100
Lake Forest, CA 92630

Advanced Real Estate Services, Inc.
Lisa Darling-Alderton
Woolls & Peer
One Wilshire Blvd 22nd Fl
Los Angeles, CA 90017

James Nanzig
32802 Valle Road, #17
San Juan Capistrano, CA 92675

Kenneth Rice
32802 Valle Road, #100
San Juan Capistrano, CA 92675

Jerry Moody
32802 Valle Road, #14
San Juan Capistrano, CA 92675

Kelly Hanson
32802 Valle Road, #126
San Juan Capistrano, CA 92675

Leon Peters
32802 Valle Road, #40
San Juan Capistrano, CA 92675

Ruston Calisch
32802 Valle Road, #26
San Juan Capistrano, CA 92675

Sally Garibaldi
32802 Valle Road, #34
San Juan Capistrano, CA 92675

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                            **F 9013-3.1**